## SUPREME COURT.

### William P. Van Rensselaer vs. Benjamin G. Dennison.

There are, among others, contained in the Van Rensselaer leases, (Van Rensselaer's Manor,) covenants as follows: (after covenanting to pay the rent, &c.,) "and will also well and truly discharge and pay all taxes, charges and assessments, ordinary and extraordinary, taxed, charged or assessed, and which may hereafter be taxed, charged or assessed to or upon the said hereby granted premises, or upon any part or parcel thereof, or upon the said Stephen Van Rensselaer, his heirs, executors, administrators or assigns, by any act of the Legislature or by county rates or otherwise howsoever, *for and in respect of the said premises,* or any part thereof, and indemnify the said Stephen Van Rensselaer, his heirs, executors, administrators and assigns, of, from and against, any damages, costs and charges which he or they or any of them may sustain or be put to, by reason of any neglect in the · due and punctual discharge and payment of the said taxes, charges and assessments.

Under this covenant, it was claimed that the lessee (or his assigns) was liable over to pay the *tax on the rents* reserved in the lease, which the landlord, the legal representative of the lessor, had been compelled to pay under an act of the Legislature of this state, passed May 13th, 1846, entitled "an act to equalize taxation."

*Held,* 1st. That the tax paid by the landlord was on property, declared by the act of 1846 to be, for the purpose of taxation, *personal estate.* It was a tax on rents issuing *out of* the granted premises, but in no sense a tax *on* the "granted premises."

2. That it was not a tax "*for and in respect of the said premises,*" because it was on rents that issued out of said premises. The landlord was not taxed for and in respect of said premises, but for and in respect of the rents reserved thereon. The tax was laid without reference the farm, and in no sense "in respect to the premises" or their value. It was the *income* of the person which was taxed, at a uniform value prescribed by the statute.

(*Lessee or his representatives, not liable to pay the tax.*)

*Albany General Term, Feb.* 1850.—*Before Justices* Parker, Harris and Wright. This was an action of covenant tried before Mr. Justice Parker, at the Rensselaer circuit in April, 1848. The suit was brought to recover arrears of rent due on a perpetual lease executed on the 4th day of November, 1789, by Stephen Van Rensselaer, deceased, to Jacob Van Iveren and Gysbert Van Iveren. The defendant became the owner of the lease by assignment on 1st January, 1836, and the plaintiff succeeded to the interest of Stephen Van Rensselaer, by devise, on the 26th day of January, 1839. It was shown that the amount of rent and interest thereon, which had accrued in the lease since 1st January, 1840, was $136.49. The plaintiff also claimed to recover ($1.01) the amount of a tax on the rents reserved in said lease, which he had been compelled to pay under an act of the Legislature of this state, passed May 13, 1846, entitled "an act to equalize taxation." The farm was in the town of Greenbush in said

county of Rensselaer. The following, among other covenants, were contained in the lease :- " And the said parties of the second part for themselves, their heirs, executors, administrators and assigns, do covenant, grant and agree, to and with the said Stephen Van Rensselaer, his heirs and assigns, that they, the said parties of the second part, their heirs, executors, administrators or assigns, will from time to time well and truly pay, or cause to be paid, unto the said Stephen Van Rensselaer, his heirs and assigns, the yearly rent above reserved, at the days and times and in the manner aforesaid ; and will also well and truly discharge and pay all the taxes, charges and assessments, ordinary and extraordinary, taxed, charged or assessed, and which may hereafter be taxed, charged or assessed to or upon the said hereby granted premises, or upon any part or parcel thereof, or upon the said Stephen Van Rensselaer, his heirs, executors, administrators or assigns, by any act of the Legislature or by county rates or otherwise howsoever, for and in respect of the said premises or any part thereof, and indemnify the said Stephen Van Rensselaer, his heirs, executors, administrators and assigns, of, from and against any damages, costs and charges which he or they or any of them may sustain or be put to, by reason of any neglect in the due and punctual discharge and payment of the said taxes, charges and assessments."

The court directed a verdict for the plaintiff for the amount of rent and interest due in said lease, and for $1.01, the amount claimed by the said plaintiff for the tax paid by him, said verdict to be taken subject to the opinion of the Supreme Court.

D. BUEL, Jr., *for plaintiff*.

D. L. SEYMOUR, *for defendant.*

By the Court, PARKER, Justice.—The lessees covenanted for themselves, their heirs, executors, administrators or assigns, to pay all taxes that might be thereafter taxed, charged or assessed, to or upon the said thereby *granted premises*, or upon the said lessor, his heirs, &c., by any act of the Legislature, &c., *for and in respect of* the said premises. Under this covenant the plaintiff claims the defendant is liable to pay the tax in question. Though the amount is small, the question is important, inasmuch as it may be raised on a great number of other leases, containing like covenants. It demands, therefore, a deliberate examination.

The sum paid by the plaintiff cannot be recovered from the defendant, unless it was paid for a tax charged or assessed upon the *premises granted* by said lease ; or upon the plaintiff *for and in respect* of the said premises.

The tax in question was assessed upon the plaintiff, for his rents reserved in the above mentioned lease, under the act ·entitled "an act to equalize taxation," passed May 13, 1846. The first section of that act makes it the duty of the assessors of each town or ward, to ascertain the amount of rents reserved in any leases in fee, for one or more lives, or for a term of years exceeding twenty-one years, and chargeable upon lands within such town or ward, and premises as follows : " which rents shall be assessed to the person or persons entitled to receive the same, as personal estate, which is hereby declared to be, for the purpose of taxation, under this act, &c.

The tax then paid by the plaintiff, was upon the rents reserved in the lease. Were such rents any part of the " granted premises?" The plaintiff's counsel contends that they are ; that the rents were granted to the lessor, as well as the lands to the lessee ; and that both are included in the words " granted premises." But I cannot agree with him in such a construction. The rents were not granted to the lessor ; they were reserved by the lessor when he granted the land to the lessees. The word " premises," is used here as in other instruments, to express briefly the property conveyed ; and that it is so used here is evident, from an examination of its meaning wherever it occurs in other parts of the lease : as for example, the lessor reserves all creeks, streams and runs of water " *in and upon the said premises*," and the right of erecting mills upon any part of the said " hereby granted premises;" and the right " of way and passage to, from, in and out of the said hereby granted premises :" and, again, the lessee cevenants that in case he shall be disposed to sell the said " hereby granted premises," he shall make an offer in writing to the lessor, &c., of said " premises." These are but a few of the many instances in which the word " premises," is used in the lease as meaning the farm conveyed by the lease. It seems to me plain, that it is not and could not well be used in any other sense in any part of the lease. Now the tax paid by the plaintiff, was on property declared by the act of 1846, to be, for the purpose of taxation, personal estate. It was a tax on rents issuing out of the granted premises, but in no sense, I think, a tax on the " granted premises."

It is very much like the case of *Robinson* v. *The County of Allegany*, (7 Barr, R. 161.) That was a lease in fee reserving rent, and the lessee covenanted forever thereafter to pay and discharge all public taxes, of whatever kind or denomination, that might be assessed upon the premises thereby demised, without any deduction for the yearly rent. A tax was assessed upon the ground rents reserved. The court held the landlord bound to pay the taxes, and that he had no remedy against the tenant.

But, it is claimed, that if this was not a tax upon the "granted premises," the claim of the plaintiff is sustainable under the next clause of the covenant, by which the defendant is bound to pay all taxes assessed upon the plaintiff, "for and in respect of said premises." Was this a tax "for said premises," and also "in respect of said premises?" It must be both to be within the covenant. I think it was neither. It was not a tax "for said premises;" that would mean the same as a tax "on said premises," and I do not see how it can properly be said to be a tax "in respect of" said premises, because it was on rents that issued out of said premises. The plaintiff was not taxed for and in respect of said premises, but for and in respect of the rents reserved thereon. The value of the premises had no influence in regulating the amount of the tax. The rent reserved might be a high one on a poor farm, or a low one on a valuable farm. The farm was never appraised, nor its value estimated. The tax was laid without reference to the farm, and in no sense, "in respect of the premises," or their value. It was the income of the person which was taxed, at a uniform value, prescribed by the statute.

Suppose a general income tax should be laid, and the plaintiff in this case should be assessed for his whole income; could he collect a part of the tax from the defendant under this covenant, because a portion of his income was rent of the defendant's farm? I think not, nor do I see how the cases would differ in principle. In both it would be a tax on the income alone.

It is said, it was evident the intention of the parties when the lease was executed, that the covenant should provide for a tax like that in question; and that unless it is applicable to it, the words used mean nothing. The intention of the parties can only be ascertained from the language they employed. We are not at liberty to alter one word or letter of the contract, because we suppose the parties may have meant something they have not said. Nor is the covenant destitute of meaning and value. The lessor has carefully provided against contingencies that may happen, in such language as to protect himself against loss. Suppose the tenant should leave the farm unoccupied and neglect to pay the taxes charged upon it, and the landlord should pay the tax to save the land from being sold for taxes; I suppose this would be a case within the first clause of the covenant where the tenant could be compelled to repay the tax to the landlord. Or suppose the Legislature, as they have a perfect right to do, provide that the annual tax on the farm may be assessed either upon the landlord or the tenant, and it be assessed to and collected from the landlord. This would clearly be a tax assessed upon him "for and in re-

spect of the premises," and within the same clause of the covenant under which he would be able to compel repayment. The covenant may therefore be valuable, but it does not reach the tax in question.

The object of the covenant is apparent. It was to protect the lessor against loss by reason of taxes on the farm. The first clause was to prevent incumbering the farm with taxes and thus lessening or defeating the landlord's security for his rents :. the second was to protect the landlord against personal liability for the same taxes. And I think the meaning of the covenant is, that the tenant shall pay all taxes assessed on the farm, and if they are assessed against the landlord, and he pays them, he may recover them from the tenant.

I am satisfied this claim cannot be maintained; and as to the amount of the tax paid by the plaintiff there ought to be a judgment for the defendant.

Judgment for plaintiff for the rent and interest, $136.49, and for the defendant to the residue.