CAROLINE B. WOODRUFF et al., as Executors and Trustees under the Will of NELSON BEARDSLEY, Deceased, Appellants, *v.* THE OSWEGO STARCH FACTORY, Respondent.

1. TAX — CONSTITUTIONALITY OF TAX LAW IMPOSING TAX UPON RENTS RESERVED IN PERPETUAL LEASES. Assuming that the question of the constitutionality of section 8 of the Tax Law (L. 1896, ch. 908), re-enacting chapter 327 of the Laws of 1846, providing for the taxation of "rents reserved in any lease in fee * * * shall be taxable to the person entitled to receive the same as personal property," is raised by the submission of a controversy under section 1279 of the Code of Civil Procedure, even if the result of its enforcement would effect double taxation, the statute would still be a valid exercise of legislative power. In construing laws which impose taxes, courts will incline to that construction which will avoid double taxation; but the power, if clearly exercised, cannot be denied to the legislative body. The statute, however, does not effect a double taxation; the rents are severed from the real estate and taxed at their capitalized value as a new subject of taxation, while the real estate remains taxable to the lessee or tenant, and this the legislature may competently do, for it rests in its discretion to select the persons and objects of taxation — the only limitation is that the burden of taxation shall be uniform and equal over all, and that is the result under this statute.

2. COVENANT BY LESSEE TO PAY ALL TAXES UPON PREMISES DEMISED UNDER PERPETUAL LEASE DOES NOT INCLUDE TAXES UPON RENTS. Taxes upon rents reserved by a perpetual lease executed subsequently to the pas-

sage of chapter 327 of the Laws of 1846, containing covenants that "all taxes, charges and assessments, ordinary and extraordinary, which shall be taxed, imposed or assessed on the hereby demised premises and privileges, or any part thereof, or on the said parties of the first part, their heirs and assigns in respect thereof," should be paid by the lessee, do not include taxes assessed against the lessor upon the rents reserved under the lease, and not based upon or measured by the lands leased, inasmuch as the covenants of the lessee relate only to such taxes as are directly imposed upon the land demised and not to those imposed upon the rents and made taxable to the lessor as personal property.

*Woodruff* v. *Oswego Starch Factory,* 70 App. Div. 481, affirmed.

(Argued October 14, 1903; decided December 8, 1903.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the fourth judicial department, entered April 21, 1902, in favor of defendant upon the submission of a controversy under section 1279 of the Code of Civil Procedure.

The nature of the controversy and the facts, so far as material, are stated in the opinion.

*Frederic E. Storke* for appellants. The tax on the rent is void. The act imposing the tax offends the rule of equality, which is an "inherent limitation upon the taxing power." (*Pollock* v. *F. L. & T. Co.,* 157 U. S. 599; *Matter of Pell,* 171 N. Y. 48; *Stuart* v. *Palmer,* 74 N. Y. 183; Cooley on Taxn. 164; Desty on Taxn. 28; Dillon on Mun. Corp. [4th ed.] 897, § 737; *Seeley* v. *Pittsburgh,* 82 Penn. St. 360; *Washington Avenue Case,* 69 Penn. St. 352; *Scranton* v. *Pa. Coal Co.,* 105 Penn. St. 445; *Van Rensselaer* v. *Hayes,* 19 N. Y. 68; *Van Rensselaer* v. *Dennison,* 35 N. Y. 400; *Millard* v. *MacMullen,* 68 N. Y. 345; *Martin* v. *Rector,* 118 N. Y. 476.) Under the tax covenant of the leases the defendant is bound to pay the tax on the rent. (2 Washb. on Real Prop. 287, 288; *Millard* v. *MacMullen,* 68 N. Y. 345; *Cagger* v. *Lansing,* 64 N. Y. 417; *Van Rensselaer* v. *Hayes,* 19 N. Y. 68; *Van Rensselaer* v. *Barringer,* 39 N. Y. 9; *Van Rensselaer* v. *Dennison,* 35 N. Y. 400; *Van Rensselaer* v. *Plattner,* 2 Johns. Cas. 17; *Van Rensselaer* v. *Slingerland,* 26 N. Y. 580; *Martin* v. *Rector,* 118 N. Y.

476; *Sand* v. *Church*, 152 N. Y. 174; *Tyler* v. *Heidorn*, 46 Barb. 450.)

II. *L. Howe* for respondent. The construction of the covenant is the only question before the court. In that covenant the lessors make the lessee agree to pay all taxes, charges and assessments, ordinary and extraordinary, which shall be taxed, charged, imposed or assessed on the hereby demised premises and privileges, or any part thereof, or on said parties of the first part, in respect thereof. The term "in respect thereof" means in respect of the hereby demised premises and privileges aforesaid, and can mean nothing else, and that is real property. Rents reserved in any lease in fee are taxable to the person entitled to receive the same as personal property, in the district where such real property is situated. (L. 1896, ch. 908, § 8.) The statute expressly severs the taxes on rents reserved in leases from the real property demised. (L. 1896, ch. 908, § 8.) The tax is in no way connected with the demised premises and privileges. (L. 1896, ch. 908, § 21, subd. 5; *Van Rensselaer* v. *Dennison*, 8 Barb. 23; *Russell* v. *Allerton*, 108 N. Y. 288; *M. F. S. Co.* v. *Mayor, etc.*, 160 N. Y. 82; *D. S. B. Co.* v. *Garden*, 101 N. Y. 390; *Jackson* v. *B. W. Co.*, 91 Hun, 435; *W. H. Co.* v. *Hawk*, 49 How. Pr. 262; *Loeser* v. *Liebman*, 39 N. Y. S. R. 14.)

GRAY, J. The parties to this proceeding agreed to submit the controversy between them to the court below, in the following language: "Judgment may be rendered for or against either party, determining which party is liable to pay the taxes described in the case and submission, and awarding a money judgment in accordance with such determination, with costs." The statement of facts, upon which the parties agreed to the submission, shows that the plaintiffs represent one-half of all the right, title and interest of the grantors in certain conveyances in fee, which reserved to them a perpetual rent; while the defendant owns the right, title and interest of the several grantees named in those conveyances subject to the same

rents reserved therein. These conveyances were executed between the years 1847 and 1867 and they granted certain lands and water power, situate on the Oswego river within the city of Oswego. Each of the conveyances contained, in substantially the same language, the covenant to pay, in addition to a yearly rent in cash, " all taxes, charges and assessments, ordinary and extraordinary, which shall be taxed, charged, imposed, or assessed on the hereby demised premises and privileges, or any part thereof, or on the said parties of the first part, their heirs and assigns in respect thereof." In 1898, the assessors of the city of Oswego made an assessment upon the interest of the plaintiffs in the leases, as personal estate, at a gross valuation, and levied thereon a city tax. Thereafter, in the years 1899 and 1900, the said assessors made assessments, in the same form and at the same amount, and levied state, city and county taxes thereon for the city and county of Oswego. Prior to the year 1898, no assessment had ever been made upon the interest of the plaintiffs in these rents, or that of their predecessors in title, for purposes of taxation. The plaintiffs failed and refused to pay the taxes so levied, as did the defendant, and, so far as they have been paid, they were collected by the enforced levy upon and sale of defendant's property and under its protest. To the extent to which the payment of these taxes had been enforced by the taxing officers, the defendant has deducted, and has claimed the right to deduct, from installments of rents maturing under the leases, the amount of such enforced collections and by reason, in one instance, of the amount collected exceeding the amount of rents due, a counterclaim for the excess is made by the defendant. Similar taxes were, also, outstanding and unpaid at the time of the submission of the controversy, the liability for the payment of which was to be determined by the judgment.

It further appears from the agreed statement of facts, that, prior to the completion of the assessment rolls of 1898, the plaintiffs notified the defendant of the proposed assessment and of their claim, " that defendant was bound to pay all

taxes levied thereon, by virtue of the provisions of the tax clause contained in each of said conveyances," and the statement further contains the language that "the defendant refused to pay said tax, or any part thereof, claiming that it was not liable for such tax under said tax clause ; but that the plaintiffs were liable to pay the same and so advised the plaintiffs."

The Appellate Division, in the fourth department, decided the controversy against the plaintiffs and adjudged that they were liable to pay the taxes in question "under a construction of the covenant in said leases and that the defendant had a legal right under the statute to charge the amount of said taxes collected of and from it to the plaintiffs, and to deduct the same from the rent due, or to become due, from it to the plaintiffs." Upon the appeal, which the plaintiffs have taken to this court, they insist, in the first place, that the tax is unconstitutional and void, and that it should be so adjudged by the court. In the second place, they insist that, under the tax covenant of the leases, the defendant is bound to pay the taxes upon the rent. The act, under which the taxes were assessed and levied upon the rents reserved in the leases, was, originally, passed ·by the legislature on May 13th, 1846 (Laws 1846, ch. 327), prior to the execution of the leases, and its provisions have been, substantially, re-enacted in the present Tax Law (Laws of 1896, Chap. 908). Section 8 of the Tax Law provides that "rents reserved in any lease ·in fee * * * and chargeable upon real property within the state, shall be taxable to the person entitled to receive the same as personal property in the tax district where such real property is situated." Section 21, subdivision 5, provides that the value of taxable rents reserved and chargeable upon lands within the tax district, estimated at a principal sum the interest of which, at the legal rate per annum, would produce a sum equal to such annual rents, shall be set down in the fifth column of the assessment roll. Section 75 provides, with respect to the collection of such taxes, in the event· of a failure to pay them, that the collector, if no sufficient

personal property belonging to the person against whom the tax is levied can be found in the county, shall collect of the tenant, or lessee, in-possession of the premises, on which the rent is reserved, in the same manner as though such taxes had been assessed against such tenant, or lessee. It, further, provides that, in such event, the tenant, or lessee, shall be entitled to have the amount of the tax deducted from the amount of rent reserved, which may be or become due, or may maintain an action to recover the same.

I very much doubt that the question of the constitutionality of the law has been raised in this case. The terms of the submission do not seem to present it, and the city of Oswego was not made a party. The only judgment asked for is as to "which party is liable to pay the taxes described in the case" and, in the agreed statement of facts, no claim of illegality, or invalidity, is made with respect to the law. But it may be important, in the interest of a termination of the litigation, that we should, briefly, declare our judgment to be in favor of the constitutionality of the statute. The argument of the appellants, or so much as we need consider, is that it offends the rule of equality in the imposition of taxes and permits of double taxation. It is not pretended that the validity of this law, which had existed for over fifty years upon the statute books, has ever been questioned in the courts and that it should seriously be assailed, at this late day, proceeds from a misapprehension, either of its operation, or of the power of the legislature. If the result of its enforcement was to effect double taxation, that would be no reason for holding it an invalid exercise of the legislative power. The power of the state legislature to impose taxes is unlimited and its exercise will be guided and restrained by those considerations of wisdom and of policy, to which the members are naturally subject, in their own interests, as in those of their constituents. In construing laws, which impose taxes, courts will incline to that construction which will avoid double taxation; but the power, if clearly exercised, cannot be denied to the legislative body.

But this is not, in strictness, a case of double taxation. What the legislature has done is to declare that the rents reserved in such leases shall be assessable to the person entitled to receive the same, as personal property. They are severed from the real estate and taxed, at their capitalized value, as a new subject of taxation; while the real estate remains taxable to the lessee, or tenant. The legislature may competently do this; for it rests in its discretion to select the persons and the objects of taxation. Courts are not concerned with the motives, or with the wisdom, of the legislative action and the only limitation is that the burden of taxation shall be uniform and equal over all. That is the result under this law. Wherever real estate is held under the form of grant, or lease, described in the statute, the interest of the person entitled to the rents reserved is subjected to taxation, as a species of property; which, for the purpose, is classed as personal estate.

It seems to me, however, that the actual controversy between these parties relates to the construction to be given to the covenant in question. The liability under this covenant is of a two-fold nature. The lessee is to pay all taxes, ordinary and extraordinary, which shall be imposed upon the demised premises, and he is, also, required to pay such as shall be imposed on the lessors " in respect thereof." The taxes in question were not assessed upon the demised premises. A tax upon rents may, doubtless, be regarded, in legal theory, as a tax upon the land; but, while as a general proposition that may be true, it has no influence upon the question here. The legislature has, for the purposes of taxation, separated the rents reserved in such leases from the real estate demised and, hence, the question arises, under the language of this covenant, whether, notwithstanding the legislative action, the covenantor is liable for the taxes against the lessors, as being taxes assessed in respect of the demised premises. Is the assessment, in such a case, in relation to the property demised, or is it in relation, essentially, to the rents, or income, therefrom? The ordinary meaning of the words employed, read in connection

with the provisions of the statute, should influence our judg-
ment. It was the view of the learned court below that the taxes,
to which the covenant related, must be such as were directed
specifically against the demised property, or against the
lessors in respect of, or on account of such property, and that
an assessment against the lessor upon the rents reserved under
a lease, not based upon, or measured by, the lands leased, was
not a tax in respect of the demised premises. I am inclined
to that view. At the time of the execution of these leases,
the act of 1846 provided for the assessment and taxation of
rents reserved in such leases as personal estate of the lessors,
and the parties to them must be presumed to have entered
into their engagements with knowledge of the existing law.
The covenant is of ancient use; but, in determining its com-
prehensiveness with respect to the covenantee's liability, we
cannot be controlled by common-law rules, if our statutes fur-
nish the basis for a different consideration of the question.
The act of 1846 was a legislative declaration, which must con-
trol. It severed the rents reserved in leases in fee, as prop-
erty, and declared them to be assessable as personal estate for
the purpose of taxation. That being the law of the state, the
contract of lease must be read in its light. The grantor, or
the lessor, will be presumed to have fixed the amount of the
rental moneys to be reserved with some regard to the question
of taxation and if it is not clear, upon the reading of the
instrument, what his intention in that respect was, the doubt
should be resolved against him, rather than against his lessee.
In *Van Rensselaer* v. *Dennison,* (8 Barb. 23), the General
Term of the Supreme Court held that the tenant was not
liable, under a covenant to pay taxes, ordinary and extra-
ordinary, which might be assessed upon the premises granted
in a perpetual lease, or upon the lessor, " for and in respect of
the said premises," for the amount of a tax on the rents
reserved in the lease. In that case, the action was to recover
for arrears of rents and the plaintiff, also, claimed the right to
recover the amount of a tax on the rents reserved, which he
had been compelled to pay under the act of 1846. The deci-

sion was rendered in 1850 and it has never been overruled in
this state, I believe, in so far as it holds adversely upon the
claim of the tenant's liability under the covenant to pay taxes
imposed upon the rents, and the lease, in that case, antedated
the enactment of the act of 1846. It was held in that case
that the tax, being on property which was declared by the act
of 1846 to be, for the purposes of taxation, personal estate, it
was in no sense a tax on the granted premises. It was consid-
ered that " it was the income of the person which was taxed at an
uniform value, prescribed by the statute." A reason for the use
of the language in the covenant was suggested, in that the parties
might well have intended to provide for the case, where, if
the legislature should enact that a tax on the real estate might
be assessed, either upon the landlord, or the tenant, the taxing
authorities might assess it to, and collect it from, the landlord.
My consideration of this case leads me to the conclusion that,
in view of the statute, existing when these leases were made,
which severed the taxes on rents reserved in leases from the
property leased and made them taxable to the lessor as personal
estate, the covenant of the lessee in question related only to
such taxes as were directly imposed upon the land demised
and that it did not relate to a tax assessed and levied under
that provision of the law.

I advise an affirmance of the judgment appealed from,
with costs.

BARTLETT, J. (dissenting). I agree with Judge GRAY that
the question of the constitutionality of the law of 1846
(Chap. 327), which provides that the rents of leases for a term
exceeding twenty-one years shall be assessed to the person or
persons entitled to receive the same as personal estate, is not
presented by the terms of this submitted controversy,
construing the same strictly.

While I do not agree with the judgment about to be rendered
by the court in favor of the constitutionality of the law of
1846, I refrain from discussing the reasons upon which I rest
my dissent, as I am of opinion that if the law is held valid,

the defendant company is nevertheless liable upon a proper construction of the covenant in the lease.

The defendant company covenanted to pay to the appellants certain rent, " and also to pay all taxes, charges and assessments, ordinary and extraordinary, which shall be taxed, charged, imposed or assessed on the hereby demised premises and privileges or any part thereof *or on the said parties of the first part, their heirs and assigns in respect thereof.*"

It will be observed that this covenant is dual in character: (1) It covers all taxes upon the premises, ordinary and extraordinary; and (2) it covers all taxes imposed on the lessors in respect thereof.

This comprehensive covenant has long been employed by English conveyancers and is intended to cover every form of taxation to which the landlord may be subject by reason of his ownership of the land or receiving the rents thereof.

In the view I entertain of this covenant it is of no importance whether the taxation of rents be construed as a tax on land or under the act of 1846 a tax on personal property. The tenant has clearly assumed the payment of taxes on the land and also the taxes imposed on the landlord in respect of the same.

If this construction is not the proper one, no force or effect is given to the words in the latter part of the covenant assuming taxes imposed upon the landlord in respect to the premises.

I vote for reversal on the ground that the defendant company is bound by this covenant to pay the taxes imposed on the rents as personal property under the law of 1846.

PARKER, Ch. J., O'BRIEN, HAIGHT, MARTIN and VANN, JJ., concur with GRAY, J.; BARTLETT, J., reads dissenting opinion.

Judgment affirmed.