JAMES M. CODMAN & others, trustees, *vs.* AMERICAN
PIANO COMPANY.

Suffolk.   November 22, 1917. — January 14, 1918.

Present: RUGG, C. J., BRALEY, CROSBY, PIERCE, & CARROLL, JJ.

*Landlord and Tenant,* Covenant to pay taxes.   *Tax,* On income.   *Words,* "For,"
"In respect of."

A covenant in a lease of real estate, by which the lessee agrees to pay "all taxes and assessments whatsoever which may be payable for or in respect of the leased premises during the term thereof, except assessments for betterments," binds

the lessee to pay all taxes except betterments imposed upon the real estate but not taxes imposed upon the income in the form of rent accruing therefrom, and, where the lessor has paid a federal income tax on the rent received by him from the leased premises, he cannot recover the amount so paid from the lessee.

CONTRACT by the trustees of the Municipal Real Estate Trust, a voluntary association, as the lessors under a lease in writing dated May 24, 1912, of certain real estate numbered 169 on Tremont Street in Boston against the lessee thereunder to recover $266.67 with interest thereon, as being the amount of federal income taxes paid by the plaintiffs upon the rent received by them as income from the leased premises and alleged to be payable by the defendant as lessee under the terms of the covenant to pay taxes, which is quoted in the opinion. Writ dated July 31, 1917.

In the Superior Court the case was submitted to *Brown,* J., as a case stated by agreement. At the request of the parties the judge, without making any decision, reported the case for determination by this court upon the pleadings and the case stated.

*R. W. Hale,* (*J. M. Maguire* with him,) for the plaintiffs.

*A. C. Townsend,* for the defendant.

CROSBY, J. Upon the case stated it appears that the defendant in 1912 entered into a written indenture of lease with Paul M. Hamlen and Miriam P. Loring as lessors whereby they demised certain premises to the defendant for a long term at a rental therein recited. The plaintiffs are trustees of a voluntary association which succeeded to the rights of the original lessors under the lease. The lease contains the following covenant: (b) "And the lessee further covenants and agrees with the lessors to pay punctually within fourteen (14) days from the times when they become due and payable all taxes and assessments whatsoever which may be payable for or in respect of the leased premises during the term thereof, except assessments for betterments hereinafter arranged for."

Under the terms of the federal income tax enacted October 3, 1913, entitled "An Act to reduce tariff duties and to provide revenue for the Government, and for other purposes," the association under § 2, paragraph G (a) was subject in each of the years 1914, 1915, and 1916 to a tax of one per cent upon its entire income arising or accruing from all sources during the pre-

ceding calendar year. In each of the years above referred to a tax at the rate of one per cent was duly assessed upon the association's entire net income, which assessments have been paid by the association in accordance with the terms of the act. The plaintiffs seek in this action to recover the amount of the taxes so paid upon the amount of the rent reserved in the lease and paid by the defendant to the association. The income tax act, under which the taxes were levied and paid, contains the following provisions:

"A. Subdivision 1. There shall be levied, assessed, collected and paid annually upon the entire net income arising or accruing from all sources in the preceding calendar year to every citizen of the United States, whether residing at home or abroad, and to every person residing in the United States, though not a citizen thereof, a tax of 1 per centum per annum upon such income . . ."

"E . . .

"The provisions of this section relating to the deduction and payment of the tax at the source of income shall only apply to the normal tax hereinbefore imposed upon individuals."

"G. (a) The normal tax hereinbefore imposed upon individuals likewise shall be levied, assessed, and paid annually upon the entire net income arising or accruing from all sources during the preceding calendar year to every corporation, joint-stock company or association, and every insurance company, organized in the United States, no matter how created or organized, not including partnerships; . . ."

It is agreed that the plaintiffs are an "association" as that word is used in paragraph G (a), and that the defendant paid to the association the full rent in the amounts and at the times specified by the lease, and did not withhold the federal income tax of one per cent.

The question then is whether the defendant is liable to indemnify and pay to the plaintiffs the amount of the taxes upon the rents so paid by the plaintiffs to the federal government. It is the contention of the plaintiffs that the defendant is liable under the covenant in the lease above quoted, and that the case is governed by *Suter* v. *Jordan Marsh Co.* 225 Mass. 34, and by *Pollock* v. *Farmers' Loan & Trust Co.* 157 U. S. 429; *S. C.* 158 U. S. 601.

This contention requires us to consider what these cases actually decided so far as they have any bearing upon the issue presented in the case at bar.

The case of *Suter* v. *Jordan Marsh Co.* decided that where the defendant was required to withhold and pay and did so withhold and pay to the United States, under the federal income tax law, paragraph E of § 2 above referred to, the "normal" income tax on certain rents reserved in a lease given by it to the plaintiffs, the defendant could not deduct the amount of such payment from the amount of the rent which it paid to the lessors. The lease in that case contained a covenant that the lessee should pay "all taxes and assessments whatsoever, except betterment taxes, which may be levied for or in respect of the said leased premises, or any part thereof, or upon or in respect of the rent payable hereunder by the Lessee howsoever and to whomsoever assessed." It is to be noted that the covenant required the lessee to pay the taxes not only for or in respect to the premises leased, but also "upon or in respect of the rent payable" under the lease. Accordingly it was said by this court that "by the terms of the lease, the defendant has obligated itself to pay 'all taxes and assessments . . . upon or in respect of the rent . . . howsoever and to whomsoever assessed.' The setting forth of the defence shows that it cannot prevail." In other words, the agreement of the parties as expressed in the lease is to govern and control their respective rights in view of the language employed.

In the case at bar the covenant in the lease contains no agreement that the lessee will pay taxes assessed upon or in respect of rent payable under the lease, and so is clearly distinguishable from the case of *Suter* v. *Jordan Marsh Co. supra.*

The case of *Pollock* v. *Farmers' Loan & Trust Co.* 157 U. S. 429, dealt with the federal income tax law of 1894, and decided that a tax levied upon rents or income received from real estate was a direct tax and was unconstitutional because not levied in accordance with the constitutional rule of apportionment. In coming to the conclusion that a tax upon the rents or the income from real estate was a direct tax, the court said at page 581, "An annual tax upon the annual value or annual user of real estate appears to us the same in substance as an annual tax on the real estate, which would be paid out of the rent or income." Accord-

ingly it was held that a tax upon such rents was as much a direct tax as a tax upon the land itself.

When the case was heard in re-argument, 158 U. S. 601, the previous decision on this point was reaffirmed in the following language at page 637: "We adhere to the opinion already announced, that, taxes on real estate being indisputably direct taxes, taxes on the rents or income of real estate are equally direct taxes."

The decision in the Pollock case that a tax on rents of real estate is a direct tax, and that therefore the federal income law which provided for a tax upon such rents was unconstitutional, related only to the constitutional power of Congress to tax incomes. The court did not consider or decide that a tax on rent was a tax for or in respect to the premises from which the rent was derived. That is a wholly different question.

On rehearing of the Pollock case the court at page 618 expressly limited its judgment in the following words: "Our previous decision was confined to the consideration of the validity of the tax on the income from real estate, and on the income from municipal bonds. The question thus limited was whether such taxation was direct or not, in the meaning of the Constitution; and the court went no further, as to the tax on the income from real estate, than to hold that it fell within the same class as the source whence the income was derived, that is, that a tax upon the realty and a tax upon the receipts therefrom were alike direct." Neither the Suter case nor the Pollock case decides the question presented in the present case, and therefore do not support the plaintiffs' contention.

When rent from land has become due, it is personal property; it is a chose in action and does not pass by a conveyance of the land. *Burden* v. *Thayer*, 3 Met. 76.

If a lessor dies during the term, the rents accrued during his lifetime are personal property and pass to his administrator, while rents that accrue after his death go to his heirs, or to whoever may be entitled to the real estate subject to the demise. *Clark* v. *Seagraves*, 186 Mass. 430, 439.

So rent from real estate which has accrued is held to be taxable at the domicil of the lessor, *Old Dominion Steamship Co.* v. *Virginia*, 198 U. S. 299, while the real estate from which rent is

derived is taxable at its *situs.* *Union Refrigerator Transit Co.* v. *Kentucky,* 199 U. S. 194.

In this Commonwealth taxes upon real estate are assessed to the owner or person who is in possession on the first day of April. St. 1909, c. 490, Part I, § 15. St. 1914, c. 198, § 2. St. 1915, c. 237, § 23.

In determining whether the language of the covenant in the lease in question is sufficiently comprehensive to impose upon the lessee the obligation to indemnify the lessors who have paid the taxes under the tariff act of 1913 depends upon the construction of the phrase "for or in respect of the said leased premises." These words are to be interpreted in accordance with their natural and ordinary meaning. Manifestly taxes upon the real estate come within the terms of the covenant. It is equally clear that taxes for betterment assessments under such a covenant would have to be paid by the lessee unless otherwise stipulated in the lease.

On the other hand, we cannot construe the phrase in question as including within its terms a tax assessed by the federal government to the lessor upon the rents reserved under the lease. Such an assessment is upon an entirely distinct kind of property than is the assessment upon the real estate. While under the federal income tax law a tax on rent is a tax on land and so a direct tax, yet a tax on land is not a tax on rent; the defendant did not covenant to pay taxes for or in respect of the rent; his undertaking is to pay the taxes for or in respect of the premises. The covenant obligated the lessee to pay the taxes upon the real estate but not upon the income in the form of rent which arose therefrom.

In construing the covenant, it is plain that taxation upon real estate means one thing, and taxation upon income means another.

Under a covenant in a lease substantially like that under consideration, it was held that it did not include a tax upon the rent reserved. *Van Rensselaer* v. *Dennison,* 8 Barb. 23.

In *Woodruff* v. *Oswego Starch Factory,* 70 App. Div. (N. Y.) 481, affirmed in 177 N. Y. 23, it was held that it would not be a natural or reasonable construction of a similar covenant to interpret it as including a tax upon the rents reserved under the lease. In that case, the court uses this language: "Plaintiffs would be assessed in respect of the demised premises, and it would become the duty of the defendant to protect them and the premises against

such assessment by paying the tax thereon. But when we pass beyond this class of assessments and assume one made against the lessor upon his income or rents received under a lease, and otherwise in no manner based upon or measured by the lands leased, their value, character or condition, it seems to us that it would be a strained construction to say that such tax was on account of, relating to, or 'in respect' of, the demised premises, within the meaning of the covenant." *Codman* v. *Johnson*, 104 Mass. 491. *Twycross* v. *Fitchburg Railroad*, 10 Gray, 293.

The argument that the lessors, under the covenant in the lease, intended that the amount of rent reserved should be the net income to be received by them from the property demised cannot prevail unless such intention appears from the language which the parties saw fit to employ. It would seem to us, as was said in *Woodruff* v. *Oswego Starch Factory*, *supra*, to be "a strained construction to say that such tax was . . . within the meaning of the covenant." *Robinson* v. *Allegheny County*, 7 Barr, 161, 163. *Catawissa Railroad* v. *Philadelphia & Reading Railway*, 255 Penn. St. 269, 271. *Northern Trust Co.* v. *Buck & Raynor*, 263 Ill. 222.

We have examined all the cases cited in the elaborate brief filed by the counsel for the plaintiffs. The early English cases so cited must be held to stand upon the facts peculiar to each which distinguish them from the case at bar. For instance, those cases which relate to church rates, poor rates, tithes and subsidies are all decided upon the language of the covenants with which they respectively deal, and do not seem to us to be in conflict with the conclusion which we have reached, nor do we find anything in the reasoning of any of the cases cited and relied on by the plaintiffs to the contrary.

It may readily be conceded that a tax "on" or "for" or "in respect of" leased premises means the same thing, and that no sound distinction exists between them.

What is meant by taxes for or "in respect of" the leased premises? The legal signification clearly is that the taxes are those which relate directly to the premises themselves and not to the rent reserved which, when due, is a separate and independent estate. The fundamental fact on which the rights of the parties depend is that the defendant never agreed to pay the taxes on

the rent. In *Catawissa Railroad* v. *Philadelphia & Reading Railway*, 255 Penn. St. 269, it was said, "The income tax was not imposed by the government upon 'the demised premises or any part thereof.' . . . It was imposed upon rental received by the lessor from the lessee." The words chosen by the parties cannot fairly be extended by us beyond their natural or ordinary meaning, and therefore the defendant cannot be held liable for taxes which the covenant neither by express words nor reasonable implication obliged him to pay. *Smith* v. *Abington Savings Bank*, 165 Mass. 285. *Millard* v. *Monk*, 179 Mass. 22. *Van Rensselaer* v. *Dennison*, 8 Barb. 23. *Woodruff* v. *Oswego Starch Factory*, 177 N. Y. 23. *Williams* v. *Delaware, Lackawanna & Western Railroad*, 240 Penn. St. 234. *Tennant* v. *Smith*, [1892] A. C. 150.

In accordance with the terms of the report, the entry must be

*Judgment for the defendant.*