(No. 15478.—Judgment affirmed.)
ADELAIDE B. YOUNG, Appellant, *vs.* THE ILLINOIS ATHLETIC CLUB, Appellee.

*Opinion filed October 20, 1923—Rehearing denied Dec. 7, 1923.*

1. INCOME TAX—*income tax is not a tax upon property.* An income tax is a tax upon the income of a person and not upon any particular property or business from which such income is derived.

2. SAME—*lessee not liable for tax on rentals unless the lease so provides.* Unless the lease expressly provides for the payment by the lessee of taxes imposed on the income or rentals received under the lease the imposition of such burden on the lessee is not justified.

3. SAME—*when lease does not require lessee to pay lessor's income tax on rentals.* Provisions in a lease requiring the lessee to pay, when due, all taxes, assessments and municipal or governmental charges, of every kind and nature whatsoever, levied upon the real estate demised or upon any improvements thereon, or upon any interest of the lessor in or under the lease, do not require the lessee to pay the Federal income tax of the lessor on the rentals received under the lease.

4. ESTOPPEL—*fact that lessee by mistake of law has paid lessor's income tax does not work estoppel.* The fact that for several years the lessee, under a mistaken view of the law, has paid the Federal income tax of the lessor on rentals received does not raise an estoppel against the right of the lessee to decline to make such payments in the future.

5. LEASES—*court will follow plain language of lease regardless of construction adopted by the parties.* In construing a lease the court will enforce it in accordance with its plain language, regardless of the construction put upon it by the parties, as construction by the parties is considered only where the language is ambiguous.

APPEAL from the Second Branch Appellate Court for the First District;—heard in that court on appeal from the Municipal Court of Chicago; the Hon. WELLS M. COOK, Judge, presiding.

HAIGHT, ADCOCK, HAIGHT & HARRIS, (EDWARD D. ADCOCK, of counsel,) for appellant.

SIMS, WELCH, GODMAN & DEYOUNG, (JOHN F. VOIGHT, ELWOOD C. GODMAN, FREDERIC R. DEYOUNG, and FRANK NIEDNER, of counsel,) for appellee.

Mr. JUSTICE STONE delivered the opinion of the court:

Appellant filed a statement of claim against the appellee in the municipal court of Chicago to recover certain sums paid by her as income tax on rentals received by her from certain property in the city of Chicago of which appellee is a tenant under the terms of a lease for 99 years. The amounts sought to be recovered are the income taxes for the years 1919 and 1920, amounting in total to $3097.52, which appellant sought to recover as additional rent under the terms of the lease. After an amendment of the statement of claim appellee moved to strike the same and dismiss the cause. The statement of claim was accordingly stricken, and appellant having elected to stand by the same, the motion to dismiss the cause was allowed. On appeal the judgment of the municipal court was affirmed by the Appellate Court, and the cause comes here on a certificate of importance.

The sole question in the case is the construction of the fourth paragraph of the lease. This paragraph reads as follows:

"*Fourth*—The lessee further covenants and agrees with the lessor to pay in the name of the lessor, as additional rent for the real estate hereby demised, promptly when due, all water rates, and all taxes, assessments and municipal or governmental charges, general and special, ordinary and extraordinary, of every nature and kind whatsoever, which may be (*a*) levied, imposed or assessed upon the real estate hereby demised, or upon any improvements thereon, at any time after the date of this lease and prior to the first (1st.) day of July, A. D. 2004; or (*b*) levied, imposed or assessed upon any interest of the lessor in or under this lease; or (*c*) which the lessor shall be required to pay by reason of or on account of his interest in the real estate hereby demised and the improvements on said real estate. Every such tax, assessment and charge shall in any event be paid in time to prevent the addition of any interest or penalty thereto. Original or duplicate official receipts for every such tax, assessment or charge shall be delivered to the lessor within thirty days after the payment thereof."

Appellant contends that the appellee lessee under this lease is liable for the income tax paid upon rentals received by the appellant, because, first, it is bound to pay the taxes, under clause (*b*) of the fourth paragraph of the lease, which are levied upon any interest of the lessor under the lease, and also under clause (*c*) of the fourth paragraph, which covenants that the lessee shall pay any taxes or assessments which the lessor shall be required to pay by reason or on account of his interest in the real estate demised. Appellee contends there is nothing in the language of the lease which either expressly or by implication would include as rental any income taxes paid on the rentals by the lessor; that neither clause (*b*) nor clause (*c*) of the fourth paragraph of the lease embraces either expressly or by implication an agreement on the part of the lessee to pay such income taxes; that income taxes are taxes against the in-

come of the individual lessor in this case and not against the property.

Whether or not the language of this lease can support any claim for reimbursement of taxes or assessments other than those which are assessed against the property itself has been settled in this State by the case of *Northern Trust Co.* v. *Buck & Rayner,* 263 Ill. 222. The language of the lease in that case was almost identical with the lease in question, and while the tax sought to be recovered by the lessor as additional rent was an inheritance tax, and is therefore in nowise controlling in determining whether an income tax is a tax against the property, the two taxes being of different natures, that case is controlling on the question as to what taxes are comprised in the language of such a lease. It was there said: "It seems to be clear that the covenants therein imposed [by the lease] on the lessees referred to taxes, charges and assessments which might be imposed upon the property itself, and would exclude the idea that the lessees were bound to pay inheritance taxes, which, as we have seen, is a thing wholly apart from the property itself." The lease in that case contained a clause (*b*) which is identical in language with the clause (*b*) of the fourth paragraph of the lease before us, and a clause (*c*) which is likewise identical in meaning but which contains a phrase making clause (*c*) in that lease even broader than clause (*c*) of the lease in this case. The language of this lease has in substance been construed by this court to limit the taxes for which the lessee would be liable to those imposed on the property, and the sole question in this case is whether or not an income tax is a tax imposed upon an interest in real estate. In support of the contention that it is such a tax, counsel for appellant cite *Philadelphia City Passenger Co.* v. *Philadelphia Rapid Transit Co.* 263 Pa. St. 561; *North Pennsylvania Railroad Co.* v. *Philadelphia and Reading Railway Co.* 249 Pa. 326; *Catawissa Railroad Co.* v. *Philadelphia and Reading Railway Co.* 255 Pa. St. 269;

*Suter* v. *Jordan-Marsh Co.* 225 Mass. 34; *Woodruff* v. *Oswego Starch Factory,* 177 N. Y. 23; *Pollock* v. *Farmers' Loan and Trust Co.* 157 U. S. 427.

An examination of the above cases will show that in each there was a specific provision in the lease that the lessee should pay the taxes imposed upon the lessor's income or rentals derived from the property leased. In the first case cited the lessee agreed to "pay all taxes, charges and assessments chargeable on account of the earnings or profits of the lessor." In the *North Pennsylvania Railroad. case* the lessee agreed "to pay the taxes on the yearly payments herein agreed to be made." The *Catawissa Railroad case* was a suit to recover Federal income taxes paid by the lessor upon the rentals received, and in this regard is similar to the action in this case. The lease in that case provided that the railway company lessee should during the term pay all taxes, charges and assessments which were or might be imposed on the premises or any part thereof, or on the business carried on, "or on the receipts, gross or net, derived therefrom," issuance of bonds, etc. The Supreme Court of Pennsylvania in construing the language of this lease held that the lessee was not bound to pay income taxes on the rent received by the lessor, on the ground that the language did not justify such a construction; that the income tax was not imposed by the government upon the premises demised or any part thereof, nor on the business carried on, nor on the receipts derived therefrom, nor upon stocks or bonds, but that it was imposed upon the rental received by the lessor, and that the parties did not by their lease contemplate that a burden not imposed on the property itself, but upon the rentals thereof, should be met. In the *Suter case* the lease provided that the lessee should pay "all taxes or charges upon or in respect of the rent payable hereunder by the lessee, howsoever and to whomsoever assessed." The court held, as will be clearly seen, that this covered Federal income taxes imposed upon the rent. In

the *Woodruff case* a tax provided by statute was imposed upon the rentals. The lease provided that the lessee should pay all taxes, charges and assessments imposed on "the hereby demised premises and privileges or any part thereof, or on said parties of the first part, their heirs and assigns, in respect thereof." The court held that the lessee was not bound to pay the taxes assessed by the statute of the State of New York upon the rents received by the lessor. The fact that in that case the tax assessed against the rentals was one authorized by the statute of the State of New York and not an income tax does not make a different case on principle, as the effect of a tax under the Federal law is similar to that under the State statute, in that it refers to and affects a distinct, separate item for taxing purposes,— in one case the rents and in the other the net income. In the *Pollock case,* which is strongly relied on by appellant, the question before the court was whether or not a tax on the rentals derived from real estate is a direct tax. The decision of that case related to the constitutional powers of Congress to pass an income tax law, and it was held that such taxation was direct and not indirect within the meaning of the constitution, and the Income Tax law was therefore held unconstitutional. But the court, as indicated by · the language in its opinion on rehearing, (158 U. S. 601,) "went no further as to the tax on the income from real estate than to hold that it fell within the same class as the source whence the income was derived,—that is, that a tax upon the realty and a tax upon the receipts therefrom were alike direct." The issue arising in the *Pollock cases,* therefore, was not whether an income tax was a tax on real estate or an interest therein, but whether such tax based on rentals was a direct tax and therefore within the prohibition of the constitution.

An income tax is not similar to other forms of taxation, since it is not imposed upon property or business but upon the proceeds arising therefrom. (Black on Income

and Other Federal Taxes, sec. 1.)    An income tax is an assessment upon the income of the person and not upon any particular property from which that income is derived.

In *VanRensselaer* v. *Dennison,* 8 Barb. 23, the lease provided that the lessee not only pay the rentals reserved, but that it pay all charges, assessments and taxes charged against the premises or any part thereof, or upon Stephen VanRensselaer, his heirs, executors, administrators or assigns, by any act of the legislature or by county rates or otherwise, howsoever, for and in respect of said premises or any part thereof.    A statute of New York required the lessor to pay taxes on the rentals received.    The court, in holding that the lessee was not liable for such taxes, said: "The tax was laid without reference to the farm and in no sense 'in respect of the premises' or their value.    It was the income of the person which was taxed at a uniform value prescribed by the statute.    Suppose a general income tax should be laid and the plaintiff in this case should be assessed for his whole income, could he collect a part of the tax from the defendant, under this covenant, because a portion of his income was rent of the defendant's farm? I think not.    Nor do I see how the cases would differ in principle.    On both it would be a tax on the income alone."

In *Codman* v. *American Piano Co.* 229 Mass. 285, where the lessee agreed to pay all taxes and charges payable for or in respect of the premises demised, the lessor attempted to recover income taxes paid on the rentals.    The court in denying such recovery held that the phrase "for and in respect of the said leased premises" could not be construed to mean the tax assessed by the Federal government against the lessor upon the rents reserved under the lease; that such an assessment was upon an entirely distinct and different kind of property than is an assessment upon the real estate.

In *DesMoines Union Railway Co.* v. *Chicago and Great Western Railway Co.* 188 Iowa, 1019, the lessee covenanted

310–6

to pay all taxes that might be assessed against the lessor of the property during the term of the lease, and the court held that that did not include the payment of Federal income taxes, for the reason that the Federal Income Tax law sets apart the income as an item distinct and separate from the property itself for taxing purposes.

In *Park Building Co.* v. *Yost Fur Co.* 208 Mich. 349, the lessee agreed to pay all taxes of every nature which might be charged, levied or imposed upon the premises or improvements, and "any personal tax levied or assessed upon said party of the first part which may be assessed, levied or imposed upon the leasehold estate hereby created and upon the reversionary estate in said premises during the term, * * * the intent hereof being to insure to said party of the first part a net rental hereunder, not chargeable with any burdens by way of taxes or otherwise, resulting in the diminution of the same." It was there held that this language did not require the lessee to pay the Federal income taxes on the rentals received. The language in that case is much broader than the language of the lease before us.

It has been the universal holding of courts considering the question, so far as we are able to find, that unless the lease expressly provides for the payment of taxes on the income or rentals received under the lease the imposition of such burden on the lessee is not justified. No case has been cited, and we are unable to find one, holding that an income tax is a tax on an interest in land; and the nature of the tax itself, which is a tax made on the net income of the individual, is such as to preclude the idea of a tax against property. For instance, suppose A leases X property to B at a rental of $10,000 per year. A has other properties which cause him a loss of $7000 per year, and this with an exemption (which in his case amounts to $3000) prevents his payment of any tax whatever. Suppose, on the other hand, his other properties bring him an income of $13,000

instead of a loss, then, with his exemption of $3000, he pays on an income of $20,000. If his lessee under the lease of the X property is to pay the income tax on the rentals thereof as a tax against the property itself, it is readily seen that there is no way of determining how much such tax will amount to. If such tax is to be considered a tax against the X property of A, it will be seen that while his interest in the property and the rate of taxation is the same in both cases, yet A, for reasons in nowise affecting the X property, pays no income tax one year and the next pays on almost the entire rentals derived from the X property. This would not be so in case of a tax against his interest in the property or which was levied because of such interest. Whether the lessor is to pay an income tax at all depends not alone upon his interest in the property, but is affected by his income or rentals from any source; and likewise his loss arising from totally different sources, as the income tax must be assessed against the income after deducting losses without regard to the sources of such loss. This is repugnant to the idea of a tax against the property itself. Such tax is not a tax against the real estate, and under the holding in the *Buck & Rayner case, supra,* can not, in the absence of terms which expressly or by clear implication include it, be made a part of a covenant in a lease. We are of the opinion that it was not the intention of the parties to this lease that the income tax levied on the rentals should be paid by the lessee.

Appellant urges that as appellee did for a number of years pay her income tax as a part of the rental, it is now estopped to deny liability, and in support of this contention cites cases holding that where there is a long-continued construction of ambiguous terms of a contract by the parties, such construction should be considered in interpreting the meaning of such language. The rule is, however, that in the absence of any ambiguity in the provisions of the lease, courts, when called upon to do so, will enforce the instru-

ment in accordance with its plain language, regardless of the construction put upon it by the parties. (*Rosenbaum Bros.* v. *Devine,* 271 Ill. 354; *Finch* v. *Theiss,* 267 id. 65.) It is said in *Holcomb* v. *Boynton,* 151 Ill. 294: "It is a novel idea in the law of estoppel, that the doctrine should be applied to a person who has been guilty of no fraud, simply because under a misapprehension of the law he has treated as legal and valid an act void and open to the inspection of all. As we understand the doctrine of estoppel *in pais,* it is based upon a fraudulent purpose and a fraudulent result. Before it can be invoked to the aid of a litigant it must appear that the person against whom it is invoked has by his words or conduct caused him to believe in the existence of a certain state of things and induced him to act upon that belief. If both parties are equally cognizant of the facts and one has acted under a mistaken idea of the law, the other party cannot say he has been deceived thereby and is entitled to an application of the rule, but will be considered as having acted upon his own judgment solely. The essential elements are: ,misrepresentation or concealment of material facts, ignorance of the truth of the matter by the party to whom the representations were made, and reliance upon his part in acting upon the representations." To the same effect are *Pioneer Construction Co.* v. *Hansen,* 176 Ill. 100, and *Galpin* v. *City of Chicago,* 269 id. 27.

We are of the opinion that the language of the lease in the case before us does not justify the construction that the lessee agreed to pay the income tax assessed against the rentals accruing to the lessor, and that the Appellate Court did not err in so holding. The judgment of that court will therefore be affirmed.      *Judgment affirmed.*