Peck, J.
It would at first blush appear that we have three principal issues here presented, but the plaintiff has clarified the situation with reference to the constitutional considerations by specifically stating that he is not raising the question of the constitutionality of the Columbus city income tax. Indeed, in view of the clear holding of this court in Angell v. City of To *66 ledo, 153 Ohio St., 179, 91 N. E. (2d), 250, there would appear to be no longer any point in further debating the power of' an Ohio municipality to levy an income tax, in the absence of a pre-emption of that field of taxation by the state, or the question, which was determined in that case, whether such preemption exists.
It therefore becomes necessary to direct our attention only to the contention of the plaintiff that it was not the intention of the city of Columbus to include as taxable income, for the purpose of its income tax, rentals received by nonresident owners of Columbus real estate, or alternatively, if such intention existed it could not be constitutionally implemented.
The legislative intent of the Columbus city council may be ascertained by a consideration of ordinance No. 1073-56, passed July 30,1956, the most recent of the ordinances referred to in the amended petition. In section 2 thereof a tax at the rate of one per cent per annum is levied upon personal service compensation earned by nonresidents for work done in the city of Columbus and upon “the net profits earned on and after January 1, 1957, of all unincorporated businesses, professions, or other activities conducted in the- city of Columbus by nonresidents.” Since our views with reference to this ordinance will be dispositive of the issues presented, the allied ordinances will not be considered herein.
The ordinance itself defines the word, “business,” as used in the levying section, as “an enterprise, activity, profession, or undertaking of any nature conducted for profit or ordinarily conducted for profit.” As used in the levying section, the phrase, “net profit,” is defined in the ordinance as “the net gain from the operation of a business, profession, or enterprise, after provision for all costs and expenses incurred in the conduct thereof, either paid or .accrued in accordance with the accounting system used, and without deduction of taxes based on income. ”
It does not seem to us that the intention of the city of Columbus to levy a tax on the net profits received by the plaintiff from his Columbus properties can be seriously questioned. He himself testified as to the “reasonable return” from his properties, and detailed operating statements as to each of the sub *67 jeet properties were received in evidence. The definitions of the words and phrases at issue arrayed by the plaintiff from various authorities are interesting and standing alone might be persuasive, but they must fail before the specific definitions adopted by the ordinance itself. In the exercise of the legislative function, a legislative body may define words and phrases used within an enactment, and such definitions will be controlling in making a determination of the legislative intent in adopting that enactment. See 2 Sutherland on Statutory Construction (3 Ed.), 222, Section 3002, and cases therein cited. It is our conclusion that the activities of the plaintiff fall squarely within the definition of “business” quoted from the ordinance above, and, as a matter of fact, his activities also constitute “business” under the definition contained in paragraph three of the syllabus of Ransom & Randolph Co. v. Evatt, Tax Commr., 142 Ohio St., 398, 52 N. E. (2d), 738. We conclude further that net rentals received by an owner of real estate within the city of Columbus from properties let by him under such circumstances are included within the term, “net profits,” as that term is defined by the ordinance. In the present circumstances, we attach no particular significance to the nonresident status of the plaintiff, and it is thus our holding that, where real property within a municipality is rented under such circumstances as to constitute a doing of business under the terms of an ordinance levying a municipal income tax, the rentals are subject to such tax as net profits from the operation of a business.
The plaintiff’s contention that the city income tax ordinance is unconstitutional as applied to rents from real property is bottomed upon the theory that a tax upon such income is in fact a tax on the property itself. If this is true, the plaintiff’s contention of unconstitutionality must prevail, and it therefore becomes imperative to examine the soundness of his contention.
In support of his position the plaintiff relies heavily on the opinion by the late Judge Matthias in Bennett v. Evatt, Tax Commr.. 145 Ohio St., 587, 62 N. E. (2d), 345, and a series of other well reasoned cases from other jurisdictions. In the Bennett case. Judge Matthias stated, at page 593: “Concededly a tax based on the income yield of intangible property is *68 not an income tax, an excise tax or a franchise tax. It necessarily is a tax upon property, and authority for this tax must he found in Section 2 of Article XII [of the Constitution].” Since Judge Matthias was speaking of the law levying a tax on intangible personal property in Ohio whereby the income yield of the previous year became the measure of the tax, the tax being levied against the owner on tax day, without regard to whether the taxpayer received all, some or none of the income, it becomes necessary to consider the fundamental structure of that tax in order to properly comprehend the meaning of the language quoted.
In its program of providing revenues by property taxation, Ohio makes a levy based on the ownership of both real and personal property and, in the latter category, on the ownership of both tangible and intangible property. Various formulae exist for the determination of the amount of tax to be paid on account of the ownership of these various kinds of real and personal property, but in each instance the fact of taxation is based upon the ownership. In the case of intangible personal property, there are included securities which in turn are broken down into productive and nonproductive classifications. A formula for valuation determination in the case of the nonproductive securities is provided, and in the case of the productive securities the amount of the tax to be paid is based upon the revenue produced. The tax, however, continues to be levied on account of the ownership of the securities and not on the revenues, revenue production only being used as the measure of the tax as a matter of equity and convenience. This does not alter the fact that the tax levied by the state of Ohio on account of the ownership of a share of dividend-paying stock is just as much a tax on property as is the tax levied upon a parcel of land (or, for that matter, upon a nonproductive security).
We invite a rereading of the above quotation from Bennett v. Evatt, with a new emphasis added: “Concededly a tax based on the income yield of intangible property is not an income tax, an excise tax or a franchise tax. It necessarily is a tax upon property * * *.” In other words, a tax levied on account of the ownership of intangible property does not become an income tax simply because the amount of the tax is deter *69 mined from or “ based on the income yield” of the intangible property. Indeed, our exposition here is no more than a reaffirmation of the point made by Judge Matthias.
In the case of New York, ex rel. Cohn, v. Graves, 300 U. S., 308, 314, 81 L. Ed., 666, 57 S. Ct., 466, 108 A. L. R., 721, Justice Stone pointed up the distinction between property and income taxes in the following language:
“Neither analysis of the two types of taxes, nor consideration of the bases upon which the power to impose them rests, supports the contention that a tax on income is a tax on the land which produces it. The incidence of a tax on income differs from that of a tax on property. Neither tax is dependent upon the possession by the taxpayer of the subject of the other. His income may be taxed, although he owns no property, and his property may be taxed although it produces no income.”
Similar distinctions between income taxes and property taxes may be found in Youngstown Sheet & Tube Co. v. City of Youngstown, 91 Ohio App., 431, 108 N. E. (2d), 571, and Wheeling Steel Corp. v. Glander, Tax Commr., 337 U. S., 562, 93 L. Ed., 1544, 69 S. Ct., 1291, and in many cases from other jurisdictions. Among the latter are Norris, Exrx., v. Wisconsin Tax Comm., 205 Wis., 626, 629, 238 N. W., 415; Boston & Maine Rd. Co. v. Wilton Rd. Co., 87 N. H., 416, 181 A., 545; Young v. Illinois Athletic Club, 310 Ill., 75, 141 N. E., 369, 30 A. L. R., 985; and Featherstone v. Norman, Tax Commr., 170 Ga., 370, 153 S. E., 58, 70 A. L. R., 449.
In the light of the foregoing, the distinction between the Columbus city income tax and any property tax readily becomes apparent. The Columbus city income tax is a tax upon net profits earned, and, as stated above, a property tax is a tax on account of ownership and in the case of one type of personal property its productive capacity is used as a means of arriving at the amount of the tax to be assessed. In this process the tax is not shifted from the property to the income and in the case of the Columbus city income tax the levy is not shifted from the income to the property simply because the former happens tó be derived from the latter.
Having adopted this view of the case, it becomes unnecessary for us to consider the doctrine of pre-emption, which has *70 application only where a municipal authority seeks to enter an area of taxation already occupied by the state (e.g., State, ex rel. Arey, v. Sherrill, City Mgr., 142 Ohio St., 574, 53 N. E. [2d], 501, and Haefner v. City of Youngstown, 147 Ohio St., 58, 68 N. E. [2d], 64). As was conclusively established in the case of Angelí v. City of Toledo, supra, Ohio municipalities have the power to levy and collect income taxes in the absence of preemption by the General Assembly and no such pre-emption has occurred in the income tax field. The Columbus city income tax is a tax on income and not on property and does not intrude into a pre-empted field of property taxation.
Further in line with the foregoing, this court is in accord with the conclusions reached by the courts below respecting the five specific propositions advanced by the plaintiff, as follows:
Rents received by plaintiff, a nonresident, from real estate located within the city of Columbus are (a) subject to the Columbus income tax, (b) not exempt from such tax by reason of any pre-emption by the state of Ohio of the right to tax plaintiff, (c) not expressly or otherwise exempt from such tax by the statutes of Ohio, (d) not exempt from such tax by virtue of the Constitution of the state of Ohio, and (e) not exempt from such tax by implication of the statutes and laws of Ohio.
The judgment of the Court of Appeals is affirmed.

Judgment affirmed.

Weygandt, C. J., Zimmerman, Matthias, Bell and Herbert, JJ., concur.
Taet, J., dissents.