(No. 22227.—

THE MIDWEST DAIRY PRODUCTS CORPORATION, Plaintiff in Error, *vs.* THE OHIO CASUALTY INSURANCE COMPANY OF HAMILTON, OHIO, Defendant in Error.

*Opinion filed April 21, 1934—Rehearing denied June 6, 1934.*

WHAM & WHAM, for plaintiff in error.

POPE & DRIEMEYER, for defendant in error.

Mr. JUSTICE HERRICK delivered the opinion of the court:

On August 30, 1930, the defendant in error (hereinafter called the defendant) issued and delivered to the plaintiff in error (hereinafter called the plaintiff) an insurance policy insuring against loss and expense arising or resulting from lawful claims upon the plaintiff for damages, including the defense and payment of costs of suit on account of bodily injuries to or death suffered by any person by reason of the use or operation of any of the motor vehicles described in such policy. On June 11, 1931, an amendment to the policy covering a Chevrolet truck was issued and delivered. On July 4, 1931, in Irvington, Illinois, while the policy was in force, a woman was struck and injured by such truck while it was being operated by an agent of the plaintiff. The woman subsequently died as a result of the injuries so sustained. The administrator of the decedent's estate sued the plaintiff, charging that the death of the intestate was caused by the negligent operation of the truck. In that suit the administrator recovered a judgment for $1750 and costs, which was paid by the plaintiff herein. In defense of that suit the plaintiff expended for attorney fees, the preparation of the case for trial, and money advanced to procure the attendance of witnesses, $375. The defendant refused to pay the plaintiff any of the money so expended by it. This suit is brought to recover such sums.

The defendant filed a special plea averring that the truck, at the time and place of the injuries to the decedent, was being operated in violation of law, in that it was operated by the plaintiff by means of a chauffeur employed for that purpose who was under eighteen years of age and was prohibited by the laws of this State from operating the truck and that by such laws the plaintiff was forbidden to employ him for such purpose. The plaintiff demurred to the plea. The demurrer was overruled. The plaintiff elected to abide by its demurrer, and judgment was entered against it in bar of the action and for costs. An appeal was prosecuted by the plaintiff to the Appellate Court for the Fourth District, which court affirmed the judgment. On application by the plaintiff to this court for writ of *certiorari* the writ was granted, and the record of the case is here for review.

The policy contained this provision: "This policy does not cover any loss, damage or expense * * * while the automobile insured hereunder is operated or used by any person in violation of law as to age, or in any event under the age of fourteen years."

A general statute in force in this State at the time of the issuance and delivery of the policy and the date of the accident provided that no person shall operate or drive a motor vehicle who is under fifteen years of age unless such person is accompanied by a duly licensed chauffeur or the owner of the motor vehicle being operated. (Smith's Stat. 1933, chap. 121, sec. 31, par. 232, p. 2515; Cahill's Stat. 1933, chap. 95a, sec. 31, par. 32, p. 1892.) The defendant's plea did not aver the age of the chauffeur at the time of the accident nor that he was not licensed. It is fundamental that all intendments are against the pleader. Under this rule we assume, in the consideration of the case, that the chauffeur was above the age of fifteen years. The statute of this State provides for the examination and licensing of persons desiring to follow the vocation of

chauffeur and that no chauffeur's license shall be issued to any person under eighteen years of age. (Cahill's Stat. 1933, sec. 27, p. 1891; Smith's Stat. 1933, sec. 27, p. 2514.) Section 29 of the same act provides that no person or corporation shall employ as a chauffeur any person not so licensed.

In the interpretation of insurance policies, terms used in the contract, in the absence of ambiguity, must be taken in their plain, usual and popular sense. The insured, when purchasing an insurance contract, seldom has the benefit of legal advice or the assistance of a person versed and trained in the analysis and interpretation of insurance contracts. The circumstances attending the preparation of an insurance contract are different from those usually surrounding other contracts. The company prepares the contract in the absence of the insured or anyone appearing in his behalf. He has no voice in determining or directing the contents of the contract. It is within the power of the insurance company to write the contract as it desires. It selects the words that constitute the contract. If there is a lack of clearness in the meaning of the contract the insurer is responsible therefor. Out of the situation attending the preparation of insurance contracts there have grown several generally recognized canons of construction, viz.:

In cases of ambiguity that construction of insurance policies will be adopted which favors the insured. Such rule is consistent with both reason and justice. Any fair doubt as to the meaning of an insurance contract should be resolved against the insurer. *Mutual Life Ins. Co.* v. *Hurni Packing Co.* 263 U. S. 167, 68 L. ed. 235.

Insurance contracts should be liberally construed in favor of the insured. The insured should not be deprived of the benefit of insurance for which he has paid, except where the terms of the policy clearly, definitely and explicitly require it. *Levinson* v. *Fidelity and Casualty Co.*

348 Ill. 495; *Kaplan* v. *United States Fidelity and Guaranty Co.* 343 id. 44.

Equivocal expressions in an insurance contract whereby the insurer seeks to narrow the range of its liability or renounce the liability purported to be assumed by the contract are to be construed most strongly against the insurer. Where two constructions of the terms of a policy equally reasonable can be obtained from the wording of the insurance contract, that construction will be adopted which enables the beneficiary to recover his loss. *Zeman* v. *North American Union,* 263 Ill. 304; *Schroeder* v. *Trade Ins. Co.* 109 id. 157; *Grand Legion Select Knights* v. *Beaty,* 224 id. 346; *Healey* v. *Mutual Accident Ass'n,* 133 id. 556; *Travelers Ins. Co.* v. *Dunlap,* 160 id. 642.

In the case at bar there is a doubt as to the meaning of the terms employed by the defendant with reference to the age limit. If a reasonable construction of that term as written in the policy will permit a recovery on the part of the plaintiff it is our duty to adopt that construction. We have no doubt but that the average person purchasing insurance would understand from a reading of the provision of the policy herein that the sole risk sought to be excluded thereby was the operation of the insured's automobile by a child under fifteen years of age, and would not realize that it was also intended thereby to include within such provision as to age the operation of the vehicle under the chauffeur statute. It is obvious that the hazard not assumed by the terms of the contract in question was the use of a motor vehicle by a minor, whose operation of such motor vehicle was absolutely forbidden solely by reason of his age. The test was not the lack of ability and dexterity on the part of the operator, but the sole test as to those coming within the prohibited class was that of age. While a minor under eighteen years of age may not under our statute be legally licensed as a chauffeur to operrate a motor vehicle, yet the minimum age of eighteen

is not the only requirement for a licensed chauffeur. He is also required to possess qualifications other than being eighteen years of age or over. He is required to take and pass an examination as to his proficiency and ability in the operation of a motor vehicle. He must also have a written statement, signed by at least two reputable citizens, that he is a fit and competent person to operate a motor vehicle.

For a minor in this State lawfully to operate a motor vehicle as that term is understood he is only required to be fifteen years of age. Neither skill nor ability is exacted of him. The provision under consideration is clearly an age limit as applied to the operation of motor vehicles generally. There is nothing in the policy definitely indicating that the age limit as used in the policy applied to chauffeurs. It obviously was an age limit applied to the operators of motor vehicles generally. If the insurer had contemplated that chauffeurs under eighteen years of age should fall within those excluded from the operation of motor vehicles, an appropriate provision explicitly and definitely so stating could readily have been written into the policy.

The defendant, in support of its position, cites *United States Fidelity and Guaranty Co.* v. *Guenther,* 281 U. S. 34, 74 L. ed. 683, and *Maryland Casualty Co.* v. *Friedman,* 45 Fed. (2d) 369. The decision in the *Friedman case* is based entirely upon the *Guenther case.* The *Guenther case* is readily distinguishable from the case at bar. There the policy provided that it was subject to the express condition that it "shall not cover any liability of the assured while [the automobile is] being operated by any person under the age limit fixed by law, or under the age of sixteen years in any event." There was also in force in Lakewood, Ohio, an ordinance which made it "unlawful for any owner, bailee, lessee or custodian of any motor vehicle to permit a minor under the age of

eighteen years to operate or run said motor vehicle upon public highways, streets or alleys in said city of Lakewood." The accident involved in that case occurred upon one of the streets within the corporate limits of Lakewood. The driver of the car was seventeen years old. The car was covered by a policy of insurance containing the provision with reference to the age limit last above recited. Recovery of damages was denied the owner of the car in a suit against the insurance company. The validity of the ordinance was conceded. The court held that such age limit fixed by the ordinance was one "fixed by law." There was no ambiguity in the meaning of the policy there before the court. Here the provision for a licensed chauffeur is not an age limit law but is a chauffeur statute.

The circuit court was in error in overruling the demurrer to the plea and in entering judgment against the plaintiff and the Appellate Court was in error in affirming such judgment.

The judgments of the Appellate and circuit courts are each reversed and the cause is remanded to the circuit court of Marion county, with directions to sustain the demurrer to the defendant's plea.

*Reversed and remanded, with directions.*

Mr. JUSTICE DeYOUNG, dissenting:

Section 27 of the Motor Vehicle act (Cahill's Stat. 1933, p. 1892; Smith's Stat. 1933, p. 2514), provides, among other things, that no chauffeur's license shall be issued to any person under eighteen years of age. Although a chauffeur's license may be denied a person over the age of eighteen years because of the absence of some qualification other than age, it is manifest, from the plain language of the section, that under no circumstances may a person under the requisite age obtain a license. The denial of a license to a person under the age of eighteen years, who

may possess all the other qualifications and comply with all the other conditions prescribed by section 27 obviously would be owing to his age. It is equally clear that the operation of an automobile by such a person as a chauffeur would be a violation of the law because of age and for no other reason.

The pertinent provision of the policy of insurance in this case is: "This policy does not cover any loss, damage or expense * * * while the automobile insured hereunder is operated or used by any person in violation of law as to age, or in any event under the age of fourteen years." The policy covered fifteen trucks and three passenger automobiles used by the salesmen and collectors of the plaintiff in error. The special plea averred, and the demurrer thereto admitted, that, at the time of the accident, the plaintiff in error operated the particular Chevrolet truck by a chauffeur, who was employed for that purpose, and that he was under eighteen years of age. Apart from the question whether the employee had complied with the other requirements for a chauffeur's license, he had not attained the minimum age to obtain such a license. The operation of the truck on July 4, 1931, by the employee as a chauffeur was therefore a violation of the law respecting age. Section 29 of the Motor Vehicle act provides that no person or corporation shall employ, as a chauffeur or operator of a motor vehicle, any person not specially licensed as required by the act. The plaintiff in error violated this section when it employed the driver of the truck. Since both sections 27 and 29 were violated by the operation of the truck under the circumstances stated, it necessarily follows that the cause of action which the plaintiff in error seeks to maintain arose "while the automobile insured hereunder is operated or used by any person in violation of law as to age."

To extend the provision of the policy in question to sustain the demands of the plaintiff in error, the majority

of the court invokes the familiar rule that, when an insurance contract is so drawn as to be ambiguous, or to require interpretation, or to be fairly susceptible of two different constructions, so that reasonably intelligent men on reading the contract will honestly differ as to its meaning, that construction will be adopted which is most favorable to the insured. (*United States Fidelity and Guaranty Co.* v. *Guenther,* 281 U. S. 34; *Chicago Nat. Life Ins. Co.* v. *Carbaugh,* 337 Ill. 483; *Kimbell Trust and Savings Bank* v. *Hartford Accident and Indemnity Co.* 333 id. 318; *Crosse* v. *Knights of Honor,* 254 id. 80). This canon of construction, however, does not authorize a perversion of language or the exercise of inventive powers for the creation of an ambiguity where none exists. (*Crosse* v. *Knights of Honor, supra*). The rule is equally well settled that contracts of insurance, like other contracts, are to be construed according to the sense and meaning of the terms which the parties have used, and if they are clear and unambiguous, their terms are to be taken and understood in their plain, ordinary, and popular sense. (*United States Fidelity and Guaranty Co.* v. *Guenther, supra; Chicago Nat. Life Ins. Co.* v. *Carbaugh, supra; Kimbell Trust and Savings Bank* v. *Hartford Accident and Indemnity Co. supra; Crosse* v. *Knights of Honor, supra*). The parties to an insurance contract may incorporate in it such provisions, not in violation of law, as they choose; and it is the duty of the courts to construe and enforce the contract as made. Courts have neither the right nor the power to make a new contract for the parties. *Imperial Fire Ins. Co.* v. *Coos County,* 151 U. S. 452; *Blume* v. *Pittsburgh Life and Trust Co.* 263 Ill. 160; *Crosse* v. *Knights of Honor, supra; Norwaysz* v. *Thuringia Ins. Co.* 204 Ill. 334.

The United States Circuit Court of Appeals for the Eighth Circuit, in the case of *Maryland Casualty Co.* v. *Friedman,* 45 Fed. (2d) 369, upon a provision in an insurance policy practically identical with the one under re-

view, held that no problem of construction or interpretation was presented. The policy of insurance in that case was issued to Sam Friedman and covered his Ford truck. While the truck was operated in Kansas City, Missouri, by an employee named Bohnbank, a collision occurred between the truck and a motorcycle driven by one Bates. At the time of the accident Bohnbank was over sixteen and under eighteen years of age. Bates sued Friedman and recovered a judgment which the defendant paid. The insurer refused to reimburse Friedman on the ground that it was not liable under the provision: "This policy does not cover while the said automobile or automobiles are * * * being operated by any person under the age limit fixed by law, or under the age of sixteen years in any event. * * *." The applicable provisions of the Missouri statute prohibited a person under the age of sixteen years from operating a motor vehicle on the highways of that State, defined the terms "chauffeur" and "registered operator," and provided that no certificate of registration as a chauffeur or as a registered operator should be issued to any person under the age of eighteen years. The act also contained a provision forbidding the employment of unregistered chauffeurs or operators. The court observed: "The broad purposes of the several statutory enactments * * * were (1) to prevent anyone under the age of sixteen from operating a motor vehicle on the highways of the State; (2) to prevent anyone under the age of eighteen, or without a certificate of registration from operating a motor vehicle; (a) as a 'chauffeur,' and (b) as a 'registered operator,' as those terms are defined in the statute. * * * We are of the opinion that 'the age limit fixed by law' was eighteen years for the driver of the automobile truck in question under the circumstances disclosed. It is conceded that he was under that age. The liability incurred by reason of the accident was therefore not within the coverage of the policy."

In the case of *United States Fidelity and Guaranty Co.* v. *Guenther,* 281 U. S. 34, the policy of insurance provided that it should not cover any liability of the assured while the automobile was "being operated by any person under the age limit fixed by law or under the age of sixteen years in any event." It appeared that the city of Lakewood, Ohio, in which the car covered by the policy was operated, had in force an ordinance which made it unlawful for any owner, bailee, lessee or custodian of any motor vehicle to permit a minor under the age of eighteen years to operate it upon public highways, streets or alleys in the city. The car was driven by a person seventeen years of age and personal injuries were inflicted upon a third person. The injured person sued Guenther and recovered judgment. Guenther having paid the judgment, brought an action on the policy against the insurance company to recover the loss and expense he incurred in the personal injury suit. The Supreme Court of the United States decided that the phrase "fixed by law," as used in the policy, included valid municipal ordinances as well as statutes and that the provision of the policy exempted the insurer from liability where the operator of the automobile had not attained the age fixed by the ordinance.

The Federal Supreme Court, in its consideration of the foregoing case, said "* * * when the words of the exclusion clause are taken in their ordinary meaning they are free from any ambiguity that requires them to be construed most strongly against the company. The plain and evident purpose of the clause was to prevent the company from being held liable for any accident occurring while by reason of the age of the operator the automobile was being operated in violation of law. To that end liability was excluded when the operator was under 'the age limit fixed by law.' This is not limited to the case where the age limit is fixed by 'a law,' a specific phrase frequently limited in a technical sense to a statute, which, to say the least, would

have involved doubt as to whether a municipal ordinance was included. On the contrary the clause used the broad phrase 'fixed by law,' in which the term 'law' is used in a generic sense, as meaning the rules of action or conduct duly prescribed by controlling authority, and having binding legal force; including valid municipal ordinances as well as statutes." The court also observed: "We think that within the plain meaning of the policy the operator of the automobile was 'under the age limit fixed' by the ordinance. True it is that the ordinance does not fix a general age limit for operators of automobiles. But as the ordinance makes it unlawful for the owner of an automobile to permit a minor under eighteen years of age to operate it, to say that where the owner permits a minor only seventeen years of age to operate it the operator is not 'under the age limit fixed' by the ordinance would be merely sticking in the bark." This decision necessarily negatives any ambiguity in the provision of the policy under review. If Guenther's automobile was operated by a person under the "age limit fixed by law," it follows that the motor truck in this case was operated by a person "in violation of law as to age."

The majority of the court, however, seeks to dispose of the case of *United States Fidelity and Guaranty Co.* v. *Guenther* by asserting that it "is readily distinguishable from the case at bar" and that "There was no ambiguity in the meaning of the policy there before the court." Mere assertion will not create a distinction or exclude from consideration an adjudication of the highest authority. If there was no ambiguity in the provision of the policy of insurance involved in that case, as the majority of the court concedes, there can be none in the provision of the policy under consideration. Nor does the statement in the opinion of the majority that "Here the provision for a licensed chauffeur is not an age limit but is a chauffeur statute," carry conviction. The present policy excludes liability aris-

ing out of the operation of the automobile insured by a person "in violation of law as to age." The exclusion is not confined to an age limit fixed by "a law," as the opinion of the majority declares, but in the broad phrase "in violation of law," the word "law" is used in a generic sense, meaning, as the Supreme Court of the United States has said, "the rules of action or conduct prescribed by controlling authority and having binding legal force, including valid municipal ordinances as well as statutes."

If no question of construction or interpretation could arise in the cases of *Maryland Casualty Co.* v. *Friedman* and *United States Fidelity and Guaranty Co.* v. *Guenther*, none is discernible in the present case. The plaintiff in error, through its employees, operated a number of trucks. The policy upon which it instituted suit expressly exempts the defendant in error from liability for loss, damage or expense resulting from the use or operation of the automobile insured in violation, not of a particular act, but of law, and consequently every act or law, respecting age. The imposition of liability upon the defendant in error varies and extends the plain and unambiguous provisions of a contract entered into by parties legally competent to make it. By its decision that the insurer is liable notwithstanding violations of the law, both by the employer and the employee, the court makes a new contract for the parties and creates a liability where none existed. It is not the function of courts to render ambiguous the simple language of a contract that is free from ambiguity; it is, on the contrary, essentially a judicial duty to uphold the sanctity of a valid contract.

In my opinion, the judgment of the Appellate Court should be affirmed.