AUGUST W. KOCH, RESPONDENT, v. JOHN MENAUGH, SR., AND JOHN MENAUGH, JR., DEFENDANTS, OHIO CASUALTY INSURANCE COMPANY, A CORPORATION, GARNISHEE, APPELLANT.—84 S. W. (2d) 383.

St. Louis Court of Appeals. Opinion filed July 2, 1935.

*Fordyce, White, Mayne & Williams, E. C. Hartman* and *G. Carroll Stribling* for appellant.

*Mark D. Eagleton* and *Frank P. Aschemeyer* for respondent.

SUTTON, C.—This is a garnishment proceeding.

On July 8, 1929, the Ohio Casualty Insurance Company issued to defendant John Menaugh, Sr., its insurance policy insuring him against loss or expense by reason of liability imposed upon him by law for damages by reason of the ownership, maintenance, or use of a two-ton truck fully described in the policy. On September 4, 1929, while the policy was in force, this truck collided with an automobile in which plaintiff was riding, whereby plaintiff sustained personal injuries, for which he brought this action, which culminated

in a judgment in favor of plaintiff against both defendants for $2267.40 and costs. Execution was issued on this judgment, and the Ohio Casualty Insurance Company was summoned as garnishee.

Plaintiff in his denial of the garnishee's answer to interrogatories pleaded indebtedness on the part of the garnishee to the defendant John Menaugh, Sr., under the insurance policy issued to him by the garnishee.

The garnishment proceeding was tried to a jury. At the conclusion of the whole case the court at the instance of the plaintiff gave to the jury a peremptory instruction directing a verdict in favor of plaintiff and against the garnishee. The jury accordingly returned a verdict in favor of plaintiff against the garnishee for $2658.97. Afterwards, the garnishee having failed to pay the amount of the verdict into court pursuant to the order of the court, judgment was entered therefor in favor of plaintiff and against the garnishee, from which judgment the garnishee has appealed to this court.

Error is assigned by the garnishee here for the giving of the peremptory instruction directing a verdict in favor of plaintiff. By way of an affirmative defense, the garnishee pleaded, and relies here on, the following provision of the policy:

"This policy does not cover any loss, damage, or expense . . . while the automobile insured hereunder is operated or used by any person in violation of law as to age, or in any event under the age of sixteen years."

The provisions of Sections 7765, 7783, and 7786, article 1, chapter 41, Revised Statutes 1929, Mo. St. Ann., Secs. 7765, 7783, and 7786, pp. 5187, 5234, and 5240, following, are pertinent.

Section 7765 provides that every person desiring to operate a motor vehicle as a chauffeur shall file in the office of the commissioner a statement containing his name, age, address, and the trade name, style, and motive power of the motor vehicles he is competent to operate, on a blank to be furnished for that purpose by the commissioner, and that such application shall be endorsed by two citizens of the State who shall certify to the correctness of the facts stated in such application and the good character of the applicant, and that upon the filing of such statement, if the commissioner is satisfied as to the competency and good character of such applicant he shall upon the payment of a fee of three dollars issue to such applicant a certificate of registration as a chauffeur. The section further provides that no certificate of registration as a chauffeur shall be issued to any person under the age of eighteen years.

Section 7783 provides that no person shall employ as a chauffeur any person who has not complied with the provisions of said article.

Section 7783 further provides that no person under the age of sixteen years shall operate a motor vehicle on the highways of this State.

Section 7786 prescribes a penalty for the violation of the provisions of said article.

At the time of the collision of the insured truck with the automobile in which plaintiff was riding, defendant John Menaugh, Jr., who was in the employ of defendant John Menaugh, Sr., as his chauffeur, was driving the truck. He had no certificate of registration as a chauffeur. He was under the age of eighteen years but over the age of sixteen.

Substantially this case has been admirably written, and soundly ruled, we think, in Midwest Dairy Products Corporation v. Ohio Casualty Insurance Co., 356 Ill. 389, as follows:

"The policy contained this provision: 'This policy does not cover any loss, damage or expense . . . while the automobile insured hereunder is operated or used by any person in violation of law as to age, or in any event under the age of fourteen years.'

"A general statute in force in this State at the time of the issuance and delivery of the policy and the date of the accident provided that no person shall operate or drive a motor vehicle who is under fifteen years of age unless such person is accompanied by a duly licensed chauffeur or the owner of the motor vehicle being operated. . . . The statute of this State provides for the examination and licensing of persons desiring to follow the vocation of chauffeur and that no chauffeur's license shall be issued to any person under eighteen years of age. . . . Section 29 of the same act provides that no person or corporation shall employ as a chauffeur any person not so licensed.

. . . . . . . .

"In the case at bar there is a doubt as to the meaning of the terms employed by the defendant with reference to the age limit. If a reasonable construction of that term as written in the policy will permit a recovery on the part of the plaintiff it is our duty to adopt that construction. We have no doubt but that the average person purchasing insurance would understand from a reading of the provision of the policy herein that the sole risk sought to be excluded thereby was the operation of the insured's automobile by a child under fifteen years of age, and would not realize that it was also intended thereby to include within such provision as to age the operation of the vehicle under the chauffeur statute. It is obvious that the hazard not assumed by the terms of the contract in question was the use of a motor vehicle by a minor, whose operation of such motor vehicle was absolutely forbidden solely by reason of his age. The test was not the lack of ability and dexterity on the part of the operator, but the sole test as to those coming within the prohibited class was that of age. While a minor under eighteen years of age may not under our statute be legally licensed as a

chauffeur to operate a motor vehicle, yet the minimum age of eighteen is not the only requirement for a licensed chauffeur. He is also required to possess qualifications other than being eighteen years of age or over. He is required to take and pass an examination as to his proficiency and ability in the operation of a motor vehicle. He must also have a written statement, signed by at least two reputable citizens, that he is a fit and competent person to operate a motor vehicle.

"For a minor in this State lawfully to operate a motor vehicle as that term is understood he is only required to be fifteen years of age. Neither skill nor ability is exacted of him. The provision under consideration is clearly an age limit as applied to the operation of motor vehicles generally. There is nothing in the policy definitely indicating that the age limit as used in the policy applied to chauffeurs. It obviously was an age limit applied to the operators of motor vehicles generally. If the insurer had contemplated that chauffeurs under eighteen years of age should fall within those excluded from the operation of motor vehicles, an appropriate provision explicitly and definitely so stating could readily have been written into the policy."

It will be observed that the provisions of the policy and the statute under review in that case are substantially the same as the provisions with which we are concerned here.

Mannheimer Brothers v. Kansas Casualty & Surety Co. (Minn.), 180 N. W. 229, also presents a case very similar to our case. The policy provided that it did not cover in respect of any automobile while driven or manipulated contrary to the statutory age limit of any State, or under the age of sixteen years where there is no age limit. The statute prohibited any person under the age of sixteen years from driving a motor vehicle, and prohibited the issuance of a chauffeur's license to any person under the age of eighteen years. The court held that the language of the exception in the policy was ambiguous, and resolved the ambiguity in favor of the insured. The court said:

"The language of the exception is not clear. It may be construed to mean only that the insured will not be protected if his automobile is driven by a person who is either under 16 or under such age as the statute fixes as the minimum. If that is the proper construction, defendant is liable. The construction for which defendant contends is that there shall be no liability if the automobile of the insured was driven by a person under the minimum age fixed by statute for licensed chauffeurs, viz. 18 years. . . . . The prohibition of the statute . . . is directed against issuing a license to a person under 18. It does not expressly prohibit any one under 18 from driving an automobile as a hired chauffeur. It prohibits any one

from driving as a chauffeur without having a license. It provides that a license shall not be issued to a person of defective eyesight, but not that such a person shall not drive an automobile. It directs that no license shall be issued to excessive users of intoxicating liquors, and in another section expressly declares that it shall be a misdemeanor for any one to drive while intoxicated. The omissions, as well as the contents of the statute, are significant, and must be considered in arriving at a correct construction. As it has stood since 1915, it has omitted express prohibition of the driving of an automobile by any person over 16 years of age, either as a chauffeur or otherwise. Defendant's counsel argue forcefully that, notwithstanding such omission, the statute should be construed to prohibit a person under 18 from driving as a chauffeur. They insist upon the application of the doctrine that a statute is understood to contain by implication, if not by express terms, all such provisions as may be necessary to effectuate its objects, and such collateral consequences as may be fairly and logically inferred from its terms. . . . We have not the slightest disposition to relax the rules the Legislature has prescribed to regulate automobile traffic, but we cannot supply omissions in the statutory law by judicial legislation, or restore to the statute a provision which the Legislature dropped out of it in 1915.''

In Bitzer v. Southern Surety Company, 245 Ill. App. 295, it was provided in the policy under review that it should not apply in respect of any automobile while operated by any person in violation of law as to age, or, if there is no legal age limit, under the age of sixteen years. When the policy was issued and also at the time the accident occurred, there was no statute fixing an age limit below which a child might not lawfully operate a motor vehicle except a statute requiring a chauffeur to be eighteen years of age. Before the accident happened, however, a statute was enacted to the effect that no person shall operate or drive a motor vehicle who is under the age of fifteen years. In disposing of that case the court said:

''What, then, is the meaning of the language, 'While operated by any person in violation of law as to age, or, if there is no legal age limit, under the age of 16 years of age?' The words 'if there is no legal age limit' make it clear that the provision was only intended to apply to a person who was prohibited by law from operating a car, solely, because of his age. The law referred to must be one that fixes the age below which no person is permitted to drive. There is not a word to indicate that the parties were contracting with reference to the age at which a chauffeur's license might be procured. If appellant intended it to mean the age requisite for such a license it is quite clear that more appropriate language could readily have been selected.

"No doubt appellant uses this form of policy in many States. We know of no State in which a chauffeur's license may be lawfully issued to one who is under 18 years of age. Some States have no limitation as to the age at which a child may drive a car providing he is not employed as a chauffeur. Others absolutely prohibit children under 15 and 16 from driving cars. Others permit children under those ages to drive if accompanied by a chauffeur or the owner of the car. If the present law fixing the legal age limit at 15 years had been in force at the time of the accident, no one would seriously contend, it seems to us, that such statute was not the law fixing the legal age limit within the meaning of the policy. As no legal age limit had been established, the clause in question fixing the age limit at 16 years must control. The manifest purpose of the policy provision was to excuse from liability only in case the operator was too young, either in the opinion of appellant or under the terms of a statute, to operate a car upon the public highways. Even if Jesse Bitzer was driving the truck as a chauffeur and was not of the requisite age, he was not violating any statute fixing a legal age limit because no such statute was in force. He was above the age agreed upon by the parties and the contract was complied with.''

It is certain that our statute does not contain any express prohibition against the operation of a motor vehicle by a person under the age of eighteen years. There was formerly in the statute an express prohibition against the operation of a motor vehicle by an unregistered chauffeur. See section 7573, Revised Statutes 1919. But the present statute, which was enacted at the first extra session of the Legislature in 1921, contains no such prohibition. Whether or not, in view of the rule that criminal statutes must be strictly construed, such a prohibition arises by implication, we need not now decide. The question with which we are concerned here is not whether the insured truck was being operated by the driver in violation of the statute respecting chauffeurs, but the question is whether it was being operated by him in violation of any statute as to age within the meaning of the policy. We think it was not.

In arriving at this conclusion we have had in mind, of course, the well established rule that where an ambiguity exists in the provisions of a policy of insurance, the construction most favorable to the insured is adopted, and also the further rule equally well established that policy provisions designed to limit or defeat the liability imposed by the insuring clause of the policy are strictly construed against the insurer.

It was conceded at the trial, and here as well, that John Menaugh, Jr., who was operating the insured truck at the time of the accident, was over the age of sixteen years. It thus appears that the garnishee made out no valid defense against liability under the policy, and the peremptory instruction was therefore properly given.

The Commissioner recommends that the judgment of the circuit court be affirmed.

PER CURIAM:—The foregoing opinion of SUTTON, C., is adopted as the opinion of the court. The judgment of the circuit court is accordingly affirmed. *Hostetter, P. J.,* and *Becker* and *McCullen, JJ.,* concur.