### KAHAN *v.* WECKSLER.

[No. 15,670.  Filed February 17, 1938.]

*McMahan, Strom & Hulbert,* for appellant.

*Gavit, Hall, Smith & Gavit,* for appellee.

KIME, J.—The appellee was injured while riding as a guest in the autmobile owned and operated by the appellant. He prosecuted this action to recover damages for personal injuries sustained. The cause eventually went to trial on an amended complaint of one paragraph which was answered by a general denial and a second paragraph pleading the guest statute of Illinois. This second paragraph of answer was replied to in general denial. Upon these issues the cause proceeded to trial before the judge, a jury having been waived by both parties.

The trial court found for the appellee and on such finding rendered a judgment for the appellee in the sum of $1,000.00. Appellant's motion for a new trial, assigning as grounds therefor that the decision was not sustained by sufficient evidence, that it was contrary to law, and error in the admission of an X-ray photograph, was overruled and it is the overruling of such motion that is assigned as the sole error here.

The evidence most favorable to the appellee discloses that the appellee and his wife were riding as guests in in rear seat of the automobile owned by appellant and that there was another guest occupying the right-hand portion of the front seat of the car. They were proceeding from Gary and to Chicago and as they entered what is commonly known as the "Outer" Drive, a boulevard in the city of Chicago which carries large amount of traffic from the south side of that city to the heart thereof, the weather became cold and it was sleeting

and that there was a great deal of traffic passing them in the opposite direction as they were proceeding northward on such drive. The sleet attached itself to the windshield so firmly that the mechanism for its removal failed and that in addition to the sleet the traffic had thrown dirty and muddy water upon the windshield which froze and made it impossible to see through the windshield. All three of the guests testified that it was impossible to see through such windshield. The appellee several times offered to get out of the machine and clear off the windshield, but the appellant would not, or at least did not, stop for such purpose. The appellee's wife requested appellant to stop several times as did the other guests.

The appellant was familiar with this drive and knew that there was a curve to the left and it was at this point that the collision occurred. The curve to the left was not negotiated properly by the appellee and the car crashed into an electric light standard which resulted in the injury sustained by the appellee. Since this accident happened in Illinois the parties are bound by the laws of Illinois. Their guest act is as follows (Illinois Revised Stat. 1935, ch. 95a, §47 (5), p. 2160):

> "No person riding in a motor vehicle as a guest, without payment for such riding, nor his personal representative in the event of the death of such guest, shall have a cause of action for damages against the driver or operator of such motor vehicle or its owner or his employee or agent for injury, death or loss, in case of accident, unless such accident shall have been caused by the wilful and wanton misconduct of the driver or operator of such motor vehicle or its owner or his employee or agent and unless such wilful and wanton misconduct contributed to the injury, death or loss for which the action is brought."

So far as we are advised the Supreme Court of Illinois has not as yet passed upon this particular statute,

however, they have several times passed upon what constitutes wilfulness and wantonness.

In *Lake Shore & M. S. R. R. Co.* v. *Bodemer* (1892), 139 Ill. 596, 606, 29 N. E. 692, the court quoted with approval from Thompson on Negligence as follows: " 'What degree of negligence the law considers equivalent to a wilful or wanton act is as hard to define as negligence itself, and in the nature of things, is so dependent upon the particular circumstances of each case as not to be susceptible to general statement.' " And again in *Bernier* v. *Illinois Central Ry. Co.* (1921), 296 Ill. 464, 470, 129 N. E. 747, said: "Whether an act is wilful or wanton is greatly dependent upon the particular circumstances of each case. Where the omission to exercise care is so gross that it shows a lack of regard for the safety of others it will justify the presumption of wilfulness or wantonness." And again in *Jeneary* v. *Chicago and Interurban Traction Co.* (1923), 306 Ill. 392, 397, 138 N. E. 203, the court said: "Ill will is not a necessary element of a wanton act. To constitute a wanton act the party doing the act or failing to act must be conscious of his conduct, and, though having no intent to injure must be conscious, from his knowledge of the surroundings, circumstances and existing conditions, that his conduct will naturally and probably result in injury. And intentional disregard of a known duty necessary to the safety of the person or property of another, and an entire absence of care for the life, person or property of others, such as exhibits a conscious indifference to consequences, makes a case of constructive or legal wilfulness. . . ."

And also in *Provenzano* v. *I. C. R. R. Co.* (1934), 357 Ill. 192, 195, 191 N. E. 287, said: "In order to constitute wilful and wanton misconduct the injury must either have been intentionally inflicted, or produced by acts so grossly negligent as to exhibit a reckless disregard for the safety of others." And again in that same volume

in *Streeter* v. *Humrichouse,* 234 at page 238, the court again quoted with approval the above from the Jeneary case. The Appellate Court of Illinois has reached the same result in interpreting the guest act. See *Murphy* v. *King* (1936), 284 Ill. App. 74.

It is interesting to note that the Supreme Court of Illinois has said that wilful and wanton misconduct is a reckless disregard for the safety of others which is almost the language of our guest statute of 1929, which has been many times interpreted by this court. See *Coconower* v. *Stoddard* (1932), 96 Ind. App. 287, 182 N. E. 466. Our own court in *General American Tank Car Corp.* v. *Borchardt* (1919), 69 Ind. App. 580, 586, 122 N. E. 433, by Judge McMahan said in quoting with approval from another case that " 'Wilful misconduct means something different from and more than negligence, however great; it involves conduct of a *quasi* criminal nature, the intentional doing of something, whether with the knowledge that it is likely to result in serious injury, or with a *wanton and reckless disregard of its probable consequences,'* " (our italics) and quoting from the Supreme Court case of *Princeton Coal Company* v. *Lawrence* (1911), 176 Ind. 469, 478, 95 N. E. 423, 96 N. E. 387, adopted their language as follows: "A wilful failure implies more than mere nonconformity, inattention, thoughtlessness or heedlessness, and goes to the intent implied in failing to do the thing ... and implies an intentional and conscious violation and persistent refusal or neglect, not necessarily with wilful or malicious intent; it amounts to more than mere passive negligence, it is active refusal, it is wilful or reckless disregard and an intentional failure and refusal to perform a plain statutory duty." And then Judge McMahan in his own language said "wilful misconduct means a deliberate purpose not to discharge some duty necessary to safety. It

implies obstinacy, stubbornness, design, set purpose and conduct quasi criminal in nature."

In the case of *Armstrong* v. *Binzer* (1936), 102 Ind. App. 497, 502, 199 N. E. 863, wherein this court was considering a case where a *continuous course of conduct* was involved, as we have here, the court said that from conflicting evidence, ". . . the jury might reasonably have reached the conclusion that the operator of the car despite warnings and requests with knowledge of the danger involved persisted in a *course of conduct* which was in *reckless disregard of the rights of his passengers* and which resulted in appellee's injury. It (the jury) may have concluded that appellant's own conduct created the emergency which he believed existed at the time he drove into the ditch, and that his conduct before and after so doing was reckless conduct, not resulting from momentary inattention or any error of judgment but from a determination to pass the truck ahead of him, however hazardous such action on his part might prove to be."

Wilful and wanton are not necessarily synonymous terms but they are frequently. When one is so obstinate as to be said to be taking the bit in his teeth he may be both wilful and wanton. When one by a continuous course of conduct seems to exercise no concern for others he may be both wilful and wanton. When one is arbitrary he is usually both wilful and wanton. When one is deaf to advise or impervious to reason such conduct is wilful and wanton. When one's conduct cannot be restrained he is said to be wilful and wanton. When conduct is reckless, wild, devil-may-care, death defying, or presumptuous it may be and frequently is wilful and wanton.

There are many subtle distinctions existing between the words we have used. Many others could no doubt be used advantageously. Sufficient it is to note that the appellant's conduct as disclosed by the evidence was

such as to warrant the trial court concluding that it was both wilful and wanton.

The conduct or course of conduct of the appellant was wilful and wanton misconduct and contributed to the injury appellee sustained.

There is sufficient evidence to sustain the finding and it is not contrary to law.

There is a contention that the introduction of an X-ray photograph was erroneous. The appellant has not shown that he was harmed and even if it could be said to be error it was harmless.

The judgment is affirmed.

Curtis, J., not participating.

NOTE: The act of 1937 of the Indiana Legislature uses the words wilful and wanton. Acts 1937, p. 1230.