UNIVERSAL INDEMNITY INS. CO. v.
NORTH SHORE DELIVERY
CO. et al.
No. 6634.

Circuit Court of Appeals, Seventh Circuit.
Dec. 9, 1938.

Paul V. Pallasch and Ewart Harris, both of Chicago, Ill., for appellants.

Matthew J. O'Brien and James R. Hanrahan, both of Chicago, Ill., for appellee.

Before EVANS and TREANOR, Circuit Judges, and LINDLEY, District Judge.

TREANOR, Circuit Judge.

This is an appeal from a declaratory decree of the District Court. The plaintiff-appellee brought suit for the purpose of obtaining a judicial construction of certain provisions of a contract of indemnity insurance issued by the plaintiff, Universal Indemnity Insurance Company, to the defendant North Shore Delivery Company. The specific relief sought was a declaration that the plaintiff insurer had been relieved of liability under the indemnity insurance contract by reason of the violation of certain conditions therein by the defendant North Shore Delivery Company.

The District Court entered a decree declaring that the insured had violated certain terms and conditions of the contract of insurance and that such violation had relieved the insurer from liability in relation to injuries alleged to have been sustained by the co-defendants of the insured.

The policy of insurance in question indemnified the insured against all loss occasioned by the operation of certain automobile trucks described in the policy. The policy contained the following limitation on coverage:

"Risks Not Covered.

"3. This policy does not cover any liability * * * (e) in respect of injuries caused in whole or in part by any automobile insured hereunder while being operated or manipulated (i) by any person violating regulations governing the licensing of motor vehicle operators, or when driven by any person whose right to drive has been enjoined by proper authority or whose license to drive has been suspended or revoked."

The liability for which the insured was claiming indemnity from the insurer was for claims based upon injuries suffered by the occupants of an automobile which was struck by a truck owned and operated by the defendant North Shore Delivery Company. At the time of the accident the truck was being driven by one John Mead who had obtained a chauffeur's license from the Secretary of the State of Illinois in the year 1928. Mead had renewed his chauffeur's license from time to time, the last renewal prior to the date of the accident having been obtained in the year 1932. The license

had not been renewed for the year 1936 at the time of the accident on December 25 of that year.

The plaintiff insurer denied liability under the indemnity contract on the ground that the facts of the case brought it within the exception above noted.

At the time of the happening of the accident out of which this suit arose there was in full force and effect the Motor Vehicle Act of Illinois which defines a "chauffeur" and contains various provisions regulating the issuance of chauffeur's licenses. The act contains the following provision: "No person shall operate or drive a motor vehicle as a chauffeur upon a public highway of this State, unless such person shall have complied in all respects with the requirements of this section: * * * Licenses may be renewed annually in the same manner as first registration, upon the payment of fee of $3.00, and shall take effect on the first day of January of each year." [1]

It is undisputed that the chauffeur's license of the driver of the truck had expired long before the accident and it necessarily follows that he was not a licensed chauffeur and that the injuries, in respect to which indemnity liability is being asserted, were caused by an automobile while being operated or manipulated by a person violating regulations governing the licensing of motor vehicle operators, and when driven by a person whose license to drive had been suspended or revoked by reason of the chauffeur's failure to renew the same.

The first proposition stated and relied upon by defendant depends upon the rule that an ambiguous provision of a policy of insurance must be construed most strongly against the insurer. In support of its contention that the foregoing rule is applicable the defendant states that the coverage exception, if construed literally, would work an exclusion of coverage upon the most trifling violation of any licensing regulation; and defendant urges that it is apparent from the language of the exception that it was intended to compel the insured to obey only those provisions of the license regulations which affected insurer's risk. Also, defendant calls attention to a regulation requiring chauffeurs to wear a badge "pinned upon his clothing in a conspicuous place at all times." Granting that there might be doubt as to whether the foregoing

---

[1] Sec. 33 (§ 27 of the Act), Chapter 95½ Illinois Revised Statutes (State Bar Ass'n. Ed. 1937).

instance, or others that might be imagined, should be held to constitute a violation of "regulations governing the licensing of motor vehicle operators," there can be no doubt that the facts in the instant case come squarely within the language of the coverage exception. There is no ambiguity of language as applied to the facts of the instant case. It is not material to our present question that there might be doubt about the applicability of the language of the coverage exception to some hypothetical violation of the licensing regulations.

Under the law of Illinois the person driving the insured's truck was not a licensed chauffeur and he clearly was violating the law governing licensing of motor vehicle operators; furthermore, by operation of law, his license had expired upon his failure to secure a renewal and he was in the position of one whose license to drive had been "suspended or revoked."

█ It is not necessary that the violation of the licensing regulations in fact increased the risk of the insurer in the instant case. It is obvious that a practice of employing unlicensed chauffeurs would increase the risk of the insurer and it is this general risk that the exception is intended to eliminate. There are no facts in the instant case to show that the unlicensed driver became any less skillful during the period that he was unlicensed; but we accept as a fact that the practice of requiring drivers to be licensed is justified by experience as a sound safety measure. The coverage exception in question affords the insurer legitimate protection against a substantial risk which it is entirely proper for an insurer to guard against.

█ We agree with defendant's statement that the law of Illinois controls this case and that the decisions of the Illinois courts hold that ambiguities in insurance contracts must be construed in favor of the insured, but since we are convinced that the pertinent language of the coverage exception is unambiguous in so far as it is material to the facts of this case, we do not consider the cases relied upon to be applicable.

█ As a second proposition the defendant states that the public policy of the State of Illinois does not permit exceptions in an insurance policy to be printed in smaller type than the benefits, as was done in the policy in question. The expression of this particular phase of public policy of Illinois is found in the Illinois Insurance Code in the chapter relating to accident and health policies. The type of policy to which the foregoing prohibition is directed is defined as "policy of insurance against loss or damage from the sickness, or from the bodily injury or death of the insured by accident." The policy in the instant suit is one for indemnity only and does not come within the class of policies expressly made subject to the prohibition.

The foregoing prohibition is expressly directed to policies "of insurance against loss or damage from the sickness, or from the bodily injury or death of the insured by accident," [2] and does not purport to cover any other type of policy. No rule of statutory construction would authorize this Court to extend the definite and severe prohibition, which the Legislature of Illinois has applied only to one type of insurance policy, to other policies of insurance which fall into classes which substantially differ from the class to which the Legislature has expressly applied the prohibition. If application of any rule of construction is called for it would seem to be the rule of inclusio unius est exclusio alterius.

Defendant urges the materiality of a causal connection between the violation in question and the happening of the accident. Granting the validity of the coverage exception, it is an enforceable provision of the policy contract; and the legal consequence is that the risk of the loss under the proscribed conditions is not assumed under the contract obligation of the insurer. "Courts of high authority have held that in policies so phrased there is no need of any causal nexus between the injury or death and the forbidden forms of conduct. While the proscribed activity continues, the insurance is suspended as if it had never been in force." [3]

In our opinion the law of the State of Illinois as declared by its courts requires the foregoing conclusions. No Illinois decision is exactly in point on the facts of this case, but the necessary implications of decisions and statements of the Supreme and Appellate Courts of Illinois are in harmony

---

[2] Smith-Hurd Stats.Ill. c. 73, §§ 362, 363; Secs. 467, 468 of Chap. 73 Cahill's Ill.Rev.Statutes 1933.

[3] Travelers' Protective Association v. Prinsen, 291 U.S. 576, 581, 54 S.Ct. 502, 504, 78 L.Ed. 999.

with our reasoning and conclusions. The Supreme Court of Illinois in the case of Soukup v. Halmel et al.[4] and in Crikelair v. Citizens' Ins. Co.[5] emphasized the application of the same rules of construction to insurance contracts as are applicable generally. In Midwest Dairy Products Corp. v. Ohio Ins. Co.,[6] the opinion recognized that an insurer could include coverage exceptions similar to the one involved in the instant suit.

We conclude that the District Court's construction of the provisions of the policy does not conflict with any rule of law expressly announced by the Legislature or by the courts of Illinois, and we further conclude that the District Court's construction is in harmony with and supported by the law of Illinois as indicated by the statements and by the reasoning found in the opinions of the Supreme and Appellate Courts of Illinois.

We hold that the District Court did not err in stating its conclusions of law and in entering its decree thereon. The decree of the District Court is affirmed.

[4] 357 Ill. 576, 192 N.E. 557. The policy was one of "public liability on account of the use or operation of the automobile." The policy contained an "additional assured" clause covering operation of the automobile by persons operating it "with the permission of the named assured." The plaintiff was struck by the automobile while the son of the named assured was operating it without the "permission of the named assured." The following excerpts are from the Court's opinion page 579, 192 N.E. page 558: "It is urged that the burden of proof was upon defendant to show that Anton Halmel did not have permission to use the car at the time of the accident, and that there is no evidence in the record that he did not have such permission from some adult member of the family other than the assured. Anton was not an adult member of the assured's household. By the terms of the policy he was not covered unless he was using the automobile with permission of the assured or some adult member of his household, other than a chauffeur or domestic servant. The proof of such permission lies at the foundation of plaintiff's right to recover under the policy."

[5] 168 Ill. 309, 48 N.E. 167, 61 Am.St. Rep. 119. The policy in suit contained a stipulation that the policy would be void in case the "subject of insurance be personal property, and be or become encumbered by chattel mortgage." The Supreme Court of Illinois gave full effect to the stipulation, saying [page 168]: "The law declared by the greater weight of authority is that, where a policy contains a stipulation such as the one in the case at bar, and the property be, at the time of the execution of the policy, covered by a mortgage, no recovery can be had unless it appears that there was a waiver or estoppel by which the company is precluded from relying on the contract. It was so expressly ruled in Wilcox v. Continental Ins. Co. [85 Wis. 193], 55 N. W. 188; Wierengo v. American Fire Ins. Co. [98 Mich. 621], 57 N.W. 833; Smith v. Columbia Ins. Co., 17 Pa. 253 [55 Am. Dec. 546]; Pennsylvania Ins. Co. v. Gottsman's Adm'rs, 48 Pa. 151, and Fitchburg Bank v. Amazon Ins. Co., 125 Mass. 431. The principle upon which these decisions rest was recognized and applied by this court in Reaper City Ins. Co. v. Brennan, 58 Ill. 158 [11 Am.Rep. 54], and Hebner v. Palatine Ins. Co., 157 Ill. 144, 41 N.E. 627."

[6] 356 Ill. 389, page 394, 190 N.E. 702, page 704. "If the insurer had contemplated that chauffeurs under eighteen years of age should fall within those excluded from the operation of motor vehicles, an appropriate provision explicitly and definitely so stating could readily have been written into the policy."