**HILL v. STANDARD MUT. CASU-
ALTY CO.**

No. 6958.

Circuit Court of Appeals, Seventh Circuit.

Jan. 17, 1940.

Rehearing Denied Feb. 23, 1940.

Wm. M. Acton, of Danville, Ill., Bert C. Cheatham, of Evansville, Ind., and T. Morton McDonald, of Princeton, Ind., for appellant.

Ralph Rouse, Horace E. Gunn, and Harold F. Lindley, all of Danville, Ill., for appellee.

Before EVANS, TREANOR, and KERNER, Circuit Judges.

KERNER, Circuit Judge.

On July 16, 1936 the appellee issued to Barlow Hurst an automobile accident insurance policy, whereby it agreed to insure him against loss for the liability imposed upon him by law for damages on account of bodily injuries accidently suffered by any person by reason of the use of the automobile insured therein.

On October 30, 1936, while the policy was in force, Barlow Hurst, the assured, with the appellant as his guest, drove his automobile from the Whoopee Club in Evansville, Indiana into a tree and telephone pole, thereby severely injuring her. She sued the assured in the Circuit Court of Gibson County, Indiana and recovered a judgment for $10,000. It remains unpaid and in full force and effect. The present suit is an action upon the policy of insurance.

The complaint as amended alleged that on October 30, 1936 Barlow Hurst was driving his automobile on a public street in Evansville, Indiana, with appellant as his invited guest; that with reckless disregard of the rights of appellant he recklessly drove said automobile into a telephone pole and tree and that by reason of his said reckless act and conduct, appellant sustained severe injuries; that immediately after the injury to appellant, said assured gave notice to the appellee of said accident, whereupon appellee investigated

the facts and, with full knowledge of the facts surrounding the accident, undertook and did direct and control the defense in said cause.

The complaint further alleged that at the time of issuance to the assured of the policy by appellee there was in force and effect in the State of Indiana a Motor Vehicle Financial Responsibility Law.[1] There was annexed to the complaint a copy of the policy and certain sections of the Motor Vehicle Financial Responsibility Law.

The appellee filed an answer denying liability on the ground that the conduct of the assured in driving his automobile and in injuring the appellant was "willful and wanton, or intentional," alleged that the claimed liability of the assured to appellant was based upon the guest statute of the State of Indiana[2] which provides that such a guest shall have no cause of action unless the injury shall have been intentional or caused by the "reckless disregard of the rights of others," and that the policy sued on expressly exempted from its coverage any liability occasioned or caused by the "willful and wanton, or intentional" act of the assured. Appellee moved to dismiss the complaint, the motion was sustained, the complaint was dismissed, judgment was entered against appellant in bar of the action and for costs, and appellant appeals.

By the policy the insurance company expressly agreed to pay on behalf of the assured the actual loss imposed upon the assured by law for legal liability arising or resulting from claims on account of bodily injury accidentally suffered by any person caused by an accident arising out of the use of the automobile insured therein. It was, however, subject to the condition that the insurance company would not be liable for damage "occasioned or caused by the willful and wanton, or intentional acts of the assured."

The only question calling for a solution on this appeal is one of law, the sufficiency of the complaint.

At the outset we are met with the contention that the provisions of the policy are ambiguous. The contention is this:

Because one clause of the policy indemnifies the assured against loss imposed upon him by law for legal liability resulting from claims on account of bodily injury accidentally suffered by any person caused by an accident arising out of the use of his automobile, another clause exempts the appellee from liability for accidents occasioned or caused by the "willful and wanton, or intentional" acts of the assured, and still another that the policy shall conform to the provisions of the "motor vehicle financial responsibility law of any state with respect to any liability arising from the use of the automobile," which provides "that the liability of the insurance company shall become absolute whenever damage covered by such policy occurs," the contract is ambiguous.

It is true that the established rule is that insurance contracts should be liberally construed in favor of the insured, and equivocal expressions in the policy whereby the insurer seeks to narrow the range of its liability or renounce the liability purported to be assumed are to be construed most strongly against the insurer, Midwest Dairy Products Corp. v. Ohio Ins. Co., 356 Ill. 389, 190 N.E. 702; Aschenbrenner v. United States Fidelity & Guaranty Casualty Co., 292 U.S. 80, 54 S.Ct. 590, 78 L. Ed. 1137; Manufacturer's Acc. Ind. Co. v. Dorgan, 6 Cir., 58 F. 945, 22 L.R.A. 620, and where any reasonable construction can be placed on a policy that will prevent the defeat of the insured's indemnification for a loss covered by general language, that construction will be given, Terwilliger .v. National Masonic Acc. Ass'n, 197 Ill. 9, 63 N.E. 1034; Masonic, etc., Co. v. Jackson, 200 Ind. 472, 164 N.E. 628, 61 A.L.R. 840, because the words are those of the insurer and the ambiguity is chargeable to it. When, however, there is no ambiguity in the terms, neither party is to be favored, Norwaysz v. Thuringia Ins. Co., 204 Ill. 334, 68 N.E. 551, and if the contract is one that the parties could lawfully make, it is the duty of the court to enforce it as the parties made it. Norwaysz' Case, supra, 204 Ill. at page 342, 68 N.E. 551; Schneider v. Autoist Mutual Ins. Co., 346

---

[1] 8 Burns' Ind.Stat.Anno.(1939) Supp. § 47-1023 et seq. p. 329.

[2] 8 Burns' Ind.Stat.Anno.1933, § 47-1021, p. 681.

The Guest Statute of Illinois creates a liability to a guest, if the misconduct of the driver is "wilful and wanton." See Chapter 95½, § 58a, Ill.Rev.Stat.1939. See change in phrases in Indiana Statute from "reckless disregard of the rights of others" to "wanton or wilful misconduct." Acts 1937 ch. 259, § 1, p. 1229; 8 Burns Ind.Stat.Anno. Sec. 47-1021 (1939) (Supp.).

Ill. 137, 178 N.E. 466. In the instant case the contract was one the parties could lawfully make. Micca v. Wisconsin Nat. Life Ins. Co., 7 Cir., 75 F.2d 710, certiorari denied, 296 U.S. 580, 56 S.Ct. 90, 80 L.Ed. 410; Landau v. Travelers' Ins. Co., 315 Mo. 760, 287 S.W. 346; and Universal Indemnity Ins. Co. v. North Shore Delivery Co., 7 Cir., 100 F.2d 618.

We now consider appellant's contention that the phrase "willful and wanton" is ambiguous.

When a guest sues on the host's automobile liability insurance policy, as does the appellant here, the guest must stand or fall on the policy. Defenses available against the assured are available against the injured party, and the latter can have no greater rights than the former's policy can confer on him.

Moreover, we know that the insurer need not protect against all liabilities and that a clause exempting certain liabilities from coverage is valid. In this action the insurer reasons, and the District Court thus concluded, that the assured's liability, "caused by his reckless disregard of the rights of others," falls squarely within the exclusion language in the policy which excludes indemnification for liability "caused by the willful and wanton" misconduct of the assured.

On the other hand, appellant contends that the phrase "willful and wanton" as used in the exclusion clause is ambiguous as being "reasonably open to two constructions," and hence that construction "more favorable to the insured will be adopted." See Aschenbrenner v. United States Fidelity & Guaranty Co., supra, 292 U.S. at page 85, 54 S.Ct. at page 592, 78 L.Ed. 1137. Appellant reasons that the two constructions of this phrase are (1) that it refers to affirmative willful or intentional acts of the assured and (2) that it refers to grossly negligent and reckless acts to which courts have attached a mere constructive or implied willfulness.

As counsel for appellant puts it, "the fair construction is that the word 'or' between 'willful and wanton' and 'intentional' (the complete exclusion language reads "willful and wanton, or intentional") was used for the purpose of making certain that the willful and wanton act must have been intentional." According to this construction, noncoverage is restricted to intentional injuries inflicted by the assured.

To give credence to this contention is in effect to strike the actual words "willful and wanton" from the policy as surplusage. The exclusion language reads "willful and wanton, or intentional" : counsel would have us construe this language so as to make it read "intentional." Furthermore, we know that an express exclusion of "intentional" acts in a policy already confined to liability for injuries that may be described as accidental, adds nothing to the policy which would not otherwise be implied.[3] Appellant's construction compels the conclusion that the controversial words in the exclusion language mean nothing at all.

It is true that too often, as here, the insurance money is the only available fund from which the injured party can obtain satisfaction of his judgment. This apparent harshness, however, will not lead us to adopt a construction which we think is unreasonable and inconsistent with the sense in which the words "willful and wanton" were used. To find that a word or phrase isolated from its context is susceptible to more than one meaning, or that a word or phrase in its context is susceptible to one reasonable and one unreasonable meaning, does not spell ambiguity.

The words "willful and wanton" refer to conduct bearing a high degree of culpability. Such conduct evinces an utter abandon for the consequences or a reckless disregard of the consequences, or perhaps indicates a desire to injure or an indifference to the occurrence of such injury. The words refer to such conduct as puts the wrongdoer in a class with the willful doer of wrong. The only respect in which his attitude is less blameworthy than that of the intentional wrongdoer, is that in-

---

[3] The instant insurance contract insures against "legal liability—resulting from * * * bodily injury * * * accidentally suffered * * * by any person * * * caused by an accident and arising out" of the operation of the insured's automobile. Insurance against intentional or willful acts is contrary to public policy. "Even if its terms [of a policy such as in the instant case] did not so limit it, the fundamental principle that no one shall be permitted to take advantage of his own wrong would import the limitation." Messersmith v. American Fidelity Co., 232 N.Y. 161, 133 N.E. 432, 433, 19 A.L.R. 876.

stead of affirmatively wishing to injure another he is merely willing to do so.

We think that the above meaning is the only reasonable one that can be assigned to the particular words "willful and wanton." When given this meaning, all the words "willful and wanton, or intentional" assume a reasonable relation to each other and to the rest of the provisions of the insurance contract. On the other hand, to adopt appellant's construction of the exclusion language is to delete the words "willful and wanton" entirely. Let us go further and assume that the policy expressly insures against the consequences of assured's "willful and wanton" acts, and then let us interpret the words as appellant would. The result would be a contract violative of public policy. Messersmith v. American Fidelity Co., 232 N.Y. 161, 133 N.E. 432, 433, 19 A.L.R. 876.

■ Nor is the meaning assigned to "willful and wanton" by our construction of the exclusion language unique or peculiar in any way. It finds support in the judicial meaning given to the words "willful and wanton" in tort cases in Illinois and Indiana.[4] Appellant would have us condemn any reference to judicial defini-tion,[5] but we believe reference thereto is pertinent inasmuch as the insurance contract is in fact confined to the coverage of legal liability for injuries arising out of the tortious conduct of the automobile operator.

Moreover, if the phrase in question has a common or popular meaning other than the meaning assigned to it by our construction, we have failed to find it. Nor do we understand that the standard dictionaries define the particular phrase in a way suggesting that its meaning is to be limited to intentional conduct designed to work injury. The case here is not so much that the insurer wants to give the phrase a broader meaning than it has in common usage, as it is that the appellant desires to limit the meaning of the phrase unduly and to such a narrow field as to nullify its use in the policy completely.

■ We conclude, therefore, that the language in the exclusion clause is not ambiguous, and that the liability of the assured in this case falls squarely within the non-protected zone of the policy. This policy does not protect the assured against the consequence of his willful and wanton misconduct. The victim must seek redress

---

[4] In Illinois and Indiana case law the words "willful and wanton" refer to conduct bearing a high culpability. For instance, it includes where a defendant through recklessness or heedlessness, regardless of the danger to another, has carelessly failed to discover an extraordinary and impending danger which could have been discovered by the exercise of ordinary care; or it includes carelessness so gross in its nature as to indicate a mind reckless and regardless of consequences; and it even includes where the defendant has inflicted an intentional injury. See Provenzano v. Illinois Central R. Co., 357 Ill. 192, 195, 191 N.E. 287; Streeter v. Humrichouse, 357 Ill. 234, 238, 191 N.E. 684; Kahan v. Wecksler, 104 Ind.App. 673, 12 N.E.2d 998, 1000; see, also, Cusack v. Longaker, 2 Cir., 95 F.2d 304, 305.

It is true that often in cases under the Illinois Guest statute the court is inclined to permit the jury to determine whether the host's conduct was willful and wanton, regardless of the showing made by the host, and will sometimes sustain a recovery where simple negligence is really the only act shown. See Barmann v. McConachie, 289 Ill.App. 196, 6 N.E.2d 918, as an example where the court should not have hesitated to direct a verdict for the host, since no showing was made of the high degree of culpability required by the willful and wanton statute.

[5] Appellant relies heavily on Aschenbrenner v. United States Fidelity & Guaranty Co., supra, 292 U.S. at page 84, 54 S.Ct. 590, 78 L.Ed. 1137. We do not find in this case the condemnation urged. The court may refer to judicial analysis and definition for enlightenment. The judicial definition urged in the Aschenbrenner case was too narrow and adopted a meaning which "dictionary definitions" did not embrace and which excluded the popular meaning of the word in controversy. That is not the case here. Nor does the Aschenbrenner case direct us to adopt the plaintiff's construction of the contract. The language here is not "reasonably open to two constructions." Appellant also relies on Ziolkowski v. Continental Casualty Co., 365 Ill. 594, 7 N.E.2d 451, yet the court therein referred to judicial definition for enlightenment. Id., 365 Ill. at page 601, 7 N.E.2d 451. In that case, moreover, the construction adopted was reasonable.

of the wrongdoer himself, no matter how unsatisfactory this method may be.

■ We now discuss the Financial Responsibility Law of Indiana. According to the insurance contract, the insurance company agreed to insure against any liability imposed upon the assured by the financial responsibility law of the state where the injury occurred. The appellant contends that this reference by incorporation indicates that the company deemed itself subject on occasions to a liability toward third parties, including automobile guest passengers. From this appellant's counsel argues the policy is ambiguous in that in effect it guarantees protection to guests and then denies this protection in the limitations part of the contract.

The application here of this ingenious argument must be denied. We fail to see how reference to the financial responsibility law gives rise to the ambiguity urged. The policy first insures against liability generally and then limits and conditions the protection. This, as we have shown earlier in the opinion, is permissible. Following this, reference is made to the financial responsibility law which is stated in the form of an agreement between the assured and the company.

In our opinion this particular law seeks to increase public protection in respect to motor vehicle operation. But the Indiana Law is not a general compulsory insurance law. It merely guarantees the ability of a selected group of drivers or owners to respond in damages for future accidents. In other words, the Indiana Financial Responsibility Law protects the victim against the automobile operator's second accident, and in this case it was the operator's first accident. Thus, even if we believed that the reference here would give rise to ambiguity, we would be inclined to think that reliance thereon is dependent on the applicability of the law.

It is very significant that in this regard the policy states that "The Assured agrees to reimburse the Company for any payment made * * * [which it] would not have been obligated to make under the provisions of this Policy except for the agreement contained in this Paragraph (namely, that the Company agreed to conform to the Financial Responsibility Law)."

In this light the reference to the financial responsibility law explains itself, and we are satisfied that it does not create the ambiguity urged.

■ It appears that appellant sued the assured under the Guest Statute of Indiana and, with that knowledge, appellee assumed the defense of the case. The point is made that by undertaking the defense, the appellee elected to treat appellant's cause of action against the assured as covered by the policy and is now estopped to disclaim liability. Rice Oil Co. v. Atlas Assur. Co., 9 Cir., 102 F.2d 561 is cited, but that case is of no help to appellant as it applies only when the contract is ambiguous. When the contract is free from ambiguity, it will not be interpreted by the acts of the parties. Young v. Illinois Athletic Club, 310 Ill. 75, 83, 141 N.E. 369, 30 A.L.R. 985; and 12 Am.Jur. § 249, p. 787.

■ In our case the appellee agreed to defend any suit brought against the assured to recover damages on account of such accidents as are provided for by the terms of the policy, whether groundless or not. It also provided that the right of the company to enforce any of the provisions of the policy should not be deemed to have been waived by any act of the company in undertaking the defense of any suit brought against the assured.

In the instant case it appears that prior to assuming the defense the appellee notified the assured that it denied all liability of any and every kind growing out of the action commenced by the appellant. Under these circumstances we are of the opinion that the company is not precluded, in an action on the policy, from setting up the defense of noncoverage. Illinois Tunnel Co. v. General Acc., etc., Ins. Co., 219 Ill.App. 251; Hinchcliff v. Ins. Co. of North America, 277 Ill.App. 109; Ferry v. National Motor Underwriters, 244 Ill.App. 241.

■ It is finally contended that the "company cannot claim an exemption from liability created by 'Large Type' by words hidden in the policy by 'Small Type.'" See Chap. 73, Sec. 363, Smith-Hurd Ill. Rev.Stat.1935. An examination of a photostatic copy of the policy discloses that the difference between the type in which the exclusion is asserted and the type in which the general liability is stated is but slight by comparison. We are satisfied that the Small Type statute is not offended, and

that the size of the type was not intended to deceive. See, also, Universal Indemnity Ins. Co. v. North Shore Delivery Co., supra, 100 F.2d at page 620.

The judgment of the District Court is affirmed.

Judgment affirmed.